CARROLL & ASSOCIATES, P.C.
Sheila Lamb Carroll (SBN 142764)
Dacia J. Cenat (SBN 305161)
3600 American River Drive, Suite 205
Sacramento, CA 95864
Telephone: 916.488.5388
Facsimile: 916.488.5387
scarroll@thecarrollfirm.com
dcenat@thecarrollfirm.com

Attorneys for Defendant
WILTON RANCHERIA

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE,<br><br>Plaintiff,<br><br>v.<br><br>WILTON RANCHERIA,<br><br>Defendant. | Case No. 2:23-cv-02767-KJM-DB<br><br>**DECLARATION OF SHEILA LAMB CARROLL IN SUPPORT OF WILTON RANCHERIA'S MOTION TO DISMISS UNITE HERE'S VERIFIED COMPLAINT AND PETITION TO COMPEL ARBITRATION AND SELECTION OF AN ARBITRATOR**<br><br>**DATE:** January 26, 2024<br>**TIME:** 10:00 AM<br>**CTRM:** 3 (15th floor)<br>**JUDGE:** Hon. Kimberly J. Mueller |

I, Sheila Lamb Carroll, declare:

1.    I am an attorney duly licensed to practice law in the State of California and a shareholder attorney at Carroll & Associates, P.C., attorneys of record for defendant Wilton Rancheria, California ("the Tribe") in the instant action.

2.    I have personal knowledge of the facts set forth in this declaration and am competent to testify as a witness, and if called as a witness, I would so competently testify to the veracity of the facts stated herein, except as to the matters stated on information and belief, and to those matters, I believe them to be true.

3.    The AAA arbitration before Arbitrator Norman Brand is scheduled for February 8, 2024.

4.      On November 28, 2023, UNITE HERE's ("the Union") counsel, Kristin Martin, sent a correspondence to Arbitrator Brand, attempting to broaden the scope of the AAA arbitration. **A true and correct copy of this correspondence dated November 28, 2023 is attached hereto as Exhibit J.** Then, without waiting for any response from Arbitrator Brand, Ms. Martin and the Union asked this Court to compel the Tribe to arbitration so that the parties may select an arbitrator to handle the card check process.

5.      On November 29, 2023, I sent a correspondence to Arbitrator Brand,  noting that such expansion was (i) inappropriate under the Tribal Labor Relations Ordinance of 2019 ("TLRO") and the AAA rules, (ii) highly speculative, and (iii) premature. **A true and correct copy of this correspondence dated November 29, 2023 is attached hereto as Exhibit K.**

6.      On November 30, 2023, Arbitrator Brand emailed Ms. Martin and me regarding setting up a conference call. In his email, Arbitrator Brand wrote, "Without commenting on substance, I note that there may be differences in the parties' understanding of the issue(s). That is why I want to have a conference call. We can address differences and decide on how to go forward." **A true and correct copy of Arbitrator Brand's email dated November 30, 2023 is attached hereto as Exhibit L.**

7.      On December 4, 2023, I had a telephone conversation with Ms. Martin to discuss the Union's Complaint and the pending arbitration.  I was unable to reach an agreement with Ms. Martin on any issues related to the Union's Complaint. Accordingly, during our conversation, I informed Ms. Martin that the Tribe intends to bring a Motion to Dismiss and briefly stated the grounds upon which the Motion to Dismiss would be based. During this conversation, Ms. Martin represented that the arbitration that the Union is seeking to compel would occur after the arbitration that the Tribe and the Union are already participating in before Arbitrator Brand. Additionally, during our telephone conversation, we discussed service of the Union's Complaint upon the Tribe. I informed Ms. Martin that I would accept service of the Union's Complaint via a Notice and Acknowledgement of Receipt.

8.      Immediately following my telephone conversation with Ms. Martin on December 4, 2023, Ms. Martin emailed me, asking where she could send the Union's Complaint,

Carroll & Associates, PC

2                    Case No. 2:23-cv-02767-KJM-DB

DECLARATION OF SHEILA LAMB CARROLL IN SUPPORT OF WILTON RANCHERIA'S MOTION TO DISMISS UNITE HERE'S VERIFIED COMPLAINT AND PETITION TO COMPEL ARBITRATION AND SELECTION OF AN ARBITRATOR

Summons, and Motion to Compel. **A true and correct copy of the email thread containing this email from December 4, 2023 is attached hereto as Exhibit M.**

9.     That same day, December 4, 2023, I promptly responded to Ms. Martin's email to clarify that I only agreed to accept service if I was mailed a Notice and Acknowledgement of Receipt by Ms. Martin. I further explained:

> Wilton Rancheria will not be considered served until 20 days after that notice is received; and will file our response with the court accordingly. I did not agree to accept service as of today's date. I do not have authority and Unite Here will need to proceed by personal service if not serving by notice of acknowledgement.

**A true and correct copy of the email thread containing this email from December 4, 2023 is attached hereto as Exhibit M.**

10.     Shortly thereafter, on December 4, 2023, Ms. Martin responded to my email, thanking me for my candor, while indicating that it would not work with the Union's proposed schedule to mail a Notice and Acknowledgement of Receipt.

11.     Thereafter, Ms. Martin proceeded by simply mailing the Complaint and Summons to my office and to the Tribe's General Counsel, Christina Kazhe. Neither Ms. Kazhe or myself received a Notice and Acknowledgement of Receipt from Ms. Martin.

12.     On December 7, 2023, my office received the Union's Complaint, Summons, and Motion to Compel Arbitration in the mail. At no point in time has Ms. Martin or her office provided the Tribe's counsel with a Notice and Acknowledgement of Receipt. And the Tribe has not been served personally or otherwise. Notably, the Tribe never agreed to waive service, and there certainly is no writing reflecting any waiver.

13.     On December 12, 2023, I sent Ms. Martin an email confirming that the Tribe would be proceeding with filing the instant Motion to Dismiss. I stated, in writing, the grounds for the Motion to Dismiss and inquired whether any further meet and confer efforts would be fruitful. Specifically, I wrote that "the Tribe will be bringing a Moton to Dismiss based upon Federal Rule of Civil Procedure 12(b)(1) and 12(b)(5)" because "the Tribe has not yet been properly served" and because "[t]he Court does not have subject-matter jurisdiction over the Tribe due to the Union's unripe claim demanding arbitration." **A true and correct copy of the**

Carroll & Associates, PC

3          Case No. 2:23-cv-02767-KJM-DB
DECLARATION OF SHEILA LAMB CARROLL IN SUPPORT OF WILTON RANCHERIA'S MOTION TO DISMISS UNITE HERE'S VERIFIED COMPLAINT AND PETITION TO COMPEL ARBITRATION AND SELECTION OF AN ARBITRATOR

**email thread containing this email from December 12, 2023 is attached hereto as Exhibit N.**

14.     The following day, December 13, 2023, Ms. Martin responded to my email outlining *her view* of the conversation that took place on December 4, 2023, which I disagree with, and noting that she "hope[d] that [the parties] can agree to quickly put the substantive issues before the court." **A true and correct copy of the email thread containing this email from December 13, 2023 is attached hereto as Exhibit N.**

15.     Because I disagreed with Ms. Martin's representations in her email from December 13, 2023, I invited Ms. Martin to have a further meet and confer discussion on December 14, 2023. Additionally, I explained the grounds for the Tribe's Motion to Dismiss, once again. *Inter alia,* I wrote:

> We are bringing our motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5), because the Court does not have subject-matter jurisdiction over the Tribe due to the Union's unripe claim demanding arbitration and because the Union did not properly serve the Tribe. Your demand is unripe because we already have the AAA Arbitration set with Arbitrator Norman Brand who is charged with the decision regarding whether the TRLO is the governing document. You're asking for an arbitration that isn't necessary at this time because we are already set for arbitration and that Arbitrator will make a decision regarding the TLRO as set forth in our demand for arbitration.

**A true and correct copy of the email thread containing this email from December 13, 2023 is attached hereto as Exhibit N.**

16.     On December 14, 2023, Ms. Martin responded to my email, informing me that she was unavailable today but that she might have time to discuss the Motion to Dismiss with me on December 15, 2023. **A true and correct copy of the email thread containing this email from December 14, 2023 is attached hereto as Exhibit N.**

17.     That same day, December 14, 2023, I responded to Ms. Martin, inviting her to have a further discussion the following day, December 15, 2023. **A true and correct copy of the email thread containing my email from December 14, 2023 is attached hereto as Exhibit N.**

18.     On December 15, 2023, the parties, through their respective legal counsel—myself for the Tribe and Ms. Martin for the Union—had their initial joint conference with Arbitrator Brand. During the initial joint conference, Arbitrator Brand discussed the dispute

DECLARATION OF SHEILA LAMB CARROLL IN SUPPORT OF WILTON RANCHERIA'S MOTION TO DISMISS UNITE HERE'S VERIFIED COMPLAINT AND PETITION TO COMPEL ARBITRATION AND SELECTION OF AN ARBITRATOR

1    before him and outlined a briefing schedule for the February 8, 2024 arbitration.

2       19.    Immediately following our call with Arbitrator Brand on December 15, 2023,

3    Ms. Martin and I had a separate telephone conversation to discuss the grounds for the Tribe's

4    Motion to Dismiss. Despite my efforts to meet, confer, and reach a resolution with Ms. Martin

5    regarding the dismissal of the Union's Complaint, no resolution or settlement was achieved. I

6    certify that all meet and confer efforts have been exhausted.

7       I declare under penalty of perjury under the laws of the State of California and the United

8    States of America that the foregoing is true and correct.

9

10      Executed this 15th day of December 2023 at Sacramento, California.

11

12                                                  /s/  Sheila  Lamb  Carroll
                                                    SHEILA LAMB CARROLL
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              5        Case No. 2:23-cv-02767-KJM-DB
DECLARATION OF SHEILA LAMB CARROLL IN SUPPORT OF WILTON RANCHERIA'S MOTION TO
DISMISS UNITE HERE'S VERIFIED COMPLAINT AND PETITION TO COMPEL ARBITRATION AND
SELECTION OF AN ARBITRATOR

EXHIBIT "J"

McCRACKEN, STEMERMAN & HOLSBERRY, LLP
Counselors and Attorneys at Law

November 28, 2023

**California**

475 14ᵗʰ Street, Suite 1200
Oakland, CA  94612
415.597.7200
Fax 415.597.7201

Steven L. Stemerman (CA, NV)
Richard G. McCracken (CA, NV)
W. David Holsberry (CA, NV)
John J. Davis (CA)
Kristin L. Martin (CA, NV, HI)
Eric B. Myers (CA, NV)
Paul L. More (CA, NV, MA)
Sarah Varela (CA, AZ, NV)
Sarah Grossman-Swenson (CA, NV)
Kimberly Hancock (CA)
Kimberley C. Weber (CA, NV)
Sun M. Chang (CA)
Richard Treadwell (CA)
Luke Dowling (CA)
Ivy Yan (CA)


Barry S. Jellison (CA) (Ret.)


Robert P. Cowell (1931-1980)
Philip P. Bowe (1930-2020)

**Nevada**

1630 S. Commerce St., Suite A-1
Las Vegas, NV  89102
702.386.5107
Fax 702.386.9848

**_Via E-Mail_**

Arb. Norman Brand
150 Lombard Street, Suite 3
San Francisco, CA 94111-1169

    Re:    UNITE HERE and Wilton Rancheria (Sky River Casino)
           AAA Case ID: 01-23-0003-6907

Dear Arb. Brand:

    As I previously notified you, UNITE HERE and the Wilton Rancheria, which operates the Sky River Casino, have selected you as the arbitrator in the above-referenced case and scheduled the case for February 8, 2024.  I request a conference call with you and the Tribe's counsel as soon as your schedule will permits for two purposes.

    First, it is prudent that we discuss the briefing schedule now, including the whether you would like prehearing briefs.  You are a member of the Tribal Labor Panel established under Section 13(b) of the TLRO, and it is in that capacity that you were selected to hear this case.  Section 13(b)(2) of the TLRO says, "The arbitrator must render a written, binding decision that complies in all respects with the provisions of this Ordinance within thirty (30) days after a hearing."  Accordingly, a typical post-hearing briefing schedule will not work.

    Second, I would like to clarify the issue or issues that will be presented to you.  This is necessary now so that my client can decide how to proceed if all issues that need resolution between the parties will not be presented to you.

    I previously told you that the case concerns the relationship between the Memorandum of Agreement (MOA) and the Tribal Labor Relations Ordinance (TLRO), and provided copies of both documents.  The case arose in June of this year when the Union told the Tribe and the Tribe's Casino Operator (Boyd Gaming) that the Union was prepared to conduct the card check under paragraph 7 of the MOA.  The Tribe refused to select an arbitrator and took the position that the MOA, or parts of it, are void because they violate the TLRO.  In

Arb. Norman Brand
November 28, 2023
Page 2 of 4

August, the Tribe submitted a request for arbitration to the American Arbitration Association, which administers the TLRO's Tribal Labor Panel. A copy of that request is enclosed. You will see that the Tribe described the dispute as follows:

> Pursuant to the Tribal-State Gaming Compact between the State of California and Wilton Rancheria, Wilton Rancheria was required to adopt and maintain Tribal Law identical to the Tribal Labor Relations Ordinance attached to the Compact. To comply with this requirement, Wilton Rancheria enacted the Tribal Labor Relations Ordinance of 2019 ("TLRO"), codified as Chapter 3 of the Wilton Rancheria Labor Code, on April 18, 2019. The TLRO provides for a two-step certification process before an arbitrator from the Tribal Labor Panel: (1) dated and signed authorization cards from thirty percent (30%) or more of the Eligible Employees; and (2) a secret ballot election requiring more than fifty percent (50%) of Eligible Employees. The TLRO requires all issues to be resolved by a resolution by the Tribal Labor Panel. Respondent refuses to comply with the two-step certification process and the dispute resolution mechanism identified in the TLRO, relying on a Memorandum of Agreement (MOA) signed by the parties on August 7, 2017, prior to the enactment of the Tribe's TLRO.

The Tribe described the remedy that it seeks as follows: "A determination that Respondent must comply with the two-step certification process identified in the TLRO and resolve any disputes pursuant to the dispute resolution mechanism identified in the TLRO."

The Union seeks a prompt determination by an arbitrator whether the MOA's provisions, including the MOA's card-check process, is valid. Accordingly, the Union agreed to proceed to arbitration under the TLRO, rather than suing the Tribe to compel arbitration under the MOA. Yesterday, the Union made the common-sense proposal to the Tribe's General Counsel that, if you were to decide that the MOA's card-check process is valid, then you would be authorized to conduct the card check. The Tribe's response was perplexing and troubling. A copy is enclosed, but for convenience, I quote it here:

> We cannot currently agree to Arbitrator Brand conducting a card check if Arbitrator Brand's decision is in the Union's favor. The remedy sought includes a determination that Unite Here must comply with the certification process identified in the TLRO, *not a decision on whether the card check under the MOA may proceed*. While this distinction may appear to be semantics, it highlights the point that Arbitrator Brand's decision can take many forms. In addition, the result of the arbitration is still subject to the rights of either party, including motions to confirm or vacate the award pursuant to Section 3-213(E) of the TLRO. Therefore, we cannot currently agree to any actions conditioned on a decision of

McCRACKEN, STEMERMAN & HOLSBERRY, LLP

Arb. Norman Brand
November 28, 2023
Page 3 of 4

> the arbitrator as it would be highly speculative and would attempt to limit the
> rights of either party. Any agreement on how to move forward post-decision is
> better suited for after the decision is made.

(emphasis added).  The Tribe is of course not obligated to agree that you will conduct the card check, but it seems to me that the Tribe's submission to AAA does ask you to decide whether the card check under the MOA may proceed.  If you decide in favor of the Tribe that the TLRO's election process is exclusive and voids the MOA's card-check process, then there will not be a card check under the MOA.  But if you decide in favor of the Union that the TLRO's election process is not exclusive and does not void the MOA's card-check process, then there will be a card check under the MOA.

There is another issue that concerns the relationship between the MOA and the TLRO. Paragraph 5 of the MOA states:

> If the Union provides written notice to the Tribe or the Operator of its intent to
> organize Employees covered by this Agreement, the Tribe and the Operator shall
> provide access to its premises and to such Employees by the Union.  The Union
> may engage in organizing efforts in non-public areas of the Casino during
> Employees' non-working times (before work, after work, and during meals and
> breaks) and/or during such other periods as the parties may mutually agree upon.
> "Organizing" includes communicating with Employees before and after
> recognition of the Union as provided in Paragraph 7.

The Union provided its notice of intent to organize in February of this year and thereafter was given access to nonwork areas of the Casino.  In June, the Union told Casino management that it had collected authorization cards from a majority of employees and requested that the card check be conducted.  Casino management responded by telling the Union that it would no longer be given access:

> Based on your assertion, there is no need to continue the card collection process,
> so the approved access to the property is no longer needed.  We will ask security
> to collect all visitor badges that have been assigned to your team.  We appreciate
> your cooperation.

Accordingly, the Union requests that you also decide the related issue of whether the paragraph 5 of the MOA is valid or if the TLRO somehow voids that provision.

///
///
///
///
///

McCRACKEN, STEMERMAN & HOLSBERRY, LLP

Arb. Norman Brand
November 28, 2023
Page 4 of 4

Thank you for your attention.  I will make myself available for a conference call whenever is convenient for you.

Thank you for your attention.

Sincerely,

Kristin L. Martin

Cc:    Sheila Carroll

Enclosure 1



**LABOR ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

| |
|---|
| Date:  August 18, 2023 |
| Name of Filing Party:  Wilton Rancheria dba Sky River Casino <br><br> Check applicable box: Filing Party is ☐ Union or ☑ Employer |

| Address:  9728 Kent Street |||
|---|---|---|
| City:  Elk Grove | State:  California | Zip Code:  95624 |
| Telephone:  916-226-2590 | Cell Phone:  916-806-6290 ||

| |
|---|
| Email Address:  ckazhe@wiltonrancheria-nsn.gov |
| Name of Filing Party's Representative:  Christina Kazhe |
| Name of Firm (if applicable):  Kazhe Law Group PC |
| Representative's Address:  9245 Laguna Springs Drive, Suite 120 |

| City: Elk Grove | State:  California ▾ | Zip Code:  95758 |
|---|---|---|
| Telephone: 916-226-2590 | Cell Phone:  916-806-6290 ||

| |
|---|
| Email Address:  ckazhe@kazhelaw.com |
| Name of Billing Representative:  Christina Kazhe |
| Phone Number:  916-226-2590 |
| Email Address:  ckazhe@wiltonrancheria-nsn.gov |
| Additional Email(s) to be Copied on Correspondence: |
| The filing party, a party to a Collective Bargaining Agreement dated   N/A                                          , which provides for arbitration under the Labor Arbitration Rules of the American Arbitration Association, hereby demands arbitration. |
| Nature of Grievance: ☐ Discharge  ☐ Suspension  ☐ Other Discipline  ☐ Contract Interpretation  ☑ Other <br> Describe: <br> Pursuant to the Tribal-State Gaming Compact between the State of California and Wilton Rancheria, Wilton Rancheria was required to adopt and maintain Tribal Law identical to the Tribal Labor Relations Ordinance attached to the Compact. To comply with this requirement, Wilton Rancheria enacted the Tribal Labor Relations Ordinance of 2019 ("TLRO"), codified as Chapter 3 of the Wilton Rancheria Labor Code, on April 18, 2019. The TLRO provides for a two-step certification process before an arbitrator from the Tribal Labor Panel: (1) dated and signed authorization cards from thirty percent (30%) or more of the Eligible Employees; and (2) a secret ballot election requiring more than fifty percent (50%) of Eligible Employees. The TLRO requires all issues to be resolved by a resolution by the Tribal Labor Panel. Respondent refuses to comply with the two-step certification process and the dispute resolution mechanism identified in the TLRO, relying on a Memorandum of Agreement (MOA) signed by the parties on August 7, 2017, prior to the enactment of the Tribe's TLRO. |
| Requested:  ☑ Full Administration  ☐ List with Appointment  ☐ List Only |
| Remedy Sought: <br><br> A determination that Respondent must comply with the two-step certification process identified in the TLRO and resolve any disputes pursuant to the dispute resolution mechanism identified in the TLRO. |
| Name of Grievant(s) (if applicable): <br><br> N/A |



**LABOR ARBITRATION RULES**
**DEMAND FOR ARBITRATION**

| |
|---|
| The filing party requests that hearings be held at the following location: **Sky River Casino** |
| Under the rules, you may file an answering statement within ten (10) days after notice from the AAA. |
| Name of Respondent: **UNITE HERE International Union** <br> Check applicable box: Respondent is ☑ Union or ☐ Employer |
| Contact Person: **Kristin Martin** |
| Address: **3800 Watt Avenue, Suite 210** |

| | | |
|---|---|---|
| City: **Sacramento** | State: **California** | Zip Code: **95821** |

| | |
|---|---|
| Telephone: **916-564-4949** | Cell Phone: |

| |
|---|
| Email Address: **klm@msh.law** |
| Name of Respondent's Representative (if known): **Kristin Martin** |
| Name of Firm (if applicable): **McCracken, Stemerman & Holsberry, LLP** |
| Representative's Address: **475 14th Street, Suite 1200** |

| | | |
|---|---|---|
| City: **Oakland** | State: **California** ▼ | Zip Code: **94612** |

| | |
|---|---|
| Telephone: **415-597-7200** | Cell Phone: |

| |
|---|
| Email Address: **klm@msh.law** |
| Name of Billing Representative: |
| Phone Number: |
| Email Address: |
| ***AAA Customer Service can be reached at 800-778-7879.*** |
| **Reminders:** Send a copy of this form to the other side at the time it is forwarded to the AAA. Please reference appropriate fees pursuant to the fee schedule outlined in the Labor Rules. You can file your case online by visiting the AAA's website at http://www.adr.org/fileonline. *You may also wish to visit our website for a complete list of our administrative services and procedures, including our Grievance Mediation Procedures, Expedited Procedures, List Only Service and List with Appointment. Your case manager can also provide additional information.* |

Enclosure 2

**From:** Christina Kazhe <ckazhe@wiltonrancheria-nsn.gov>
**Sent:** Monday, November 27, 2023 3:47 PM
**To:** Kristin Martin <klm@msh.law>
**Subject:** Re: arbitrator selection

Hello Kristin,
We cannot currently agree to Arbitrator Brand conducting a card check if Arbitrator Brand's decision is in the Union's favor. The remedy sought includes a determination that Unite Here must comply with the certification process identified in the TLRO, not a decision on whether the card check under the MOA may proceed. While this distinction may appear to be semantics, it highlights the point that Arbitrator Brand's decision can take many forms. In addition, the result of the arbitration is still subject to the rights of either party, including motions to confirm or vacate the award pursuant to Section 3-213(E) of the TLRO. Therefore, we cannot currently agree to any actions conditioned on a decision of the arbitrator as it would be highly speculative and would attempt to limit the rights of either party. Any agreement on how to move forward post-decision is better suited for after the decision is made.
Thank you.
Christina



**Christina Kazhe**
General Counsel, Wilton Rancheria
ckazhe@wiltonrancheria-nsn.gov
9728 Kent Street | Elk Grove | CA | 95624

**From:** Kristin Martin <klm@msh.law>
**Sent:** Monday, November 27, 2023 1:27 PM

**To:** Christina Kazhe <ckazhe@wiltonrancheria-nsn.gov>
**Subject:** arbitrator selection

Hi Christina:

As you know, we are scheduled for arbitration before Arbitrator Brand on February 8, and Arbitrator Brand will decide whether the card check under the Memorandum of Agreement may proceed.  Will you agree that if Arbitrator Brand decides in the Union's favor, Arbitrator Brand will be the arbitrator to conduct the card check.  I note that paragraph 11 of the MOA requires the parties to select from the FMCS list, or to select from another source, and you have already refused to select an arbitrator from the FMCS list.  If you prefer that I raise this question with Sheila Carroll, please let me know.

Kristin L. Martin
McCracken, Stemerman & Holsberry, LLP
475 14th Street No. 1200, Oakland, CA  94612
1630 S. Commerce St., Las Vegas, NV  89102
415-597-7200/msh.law

Please be advised that this email and any files transmitted with it are confidential attorney-client communications or attorney work product or may otherwise be privileged or confidential and are intended solely for the individuals or entities to whom they are addressed. If you are not the intended recipient, please do not read, copy or retransmit this communication but destroy it immediately. Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.

EXHIBIT "K"



November 29, 2023

<u>**Via E-Mail Only**</u>
nb@normbrand.com

**C A R R O L L**
**& A S S O C I A T E S , P C**

Arb. Norman Brand
150 Lombard Street Suite 3
San Francisco, CA 94111-1169

RE:    <u>**Wilton Rancheria dba Sky River Casino v. UNITE HERE International Union**</u>
       <u>**Case 01-23-0003-6907**</u>

Dear Arbitrator Brand:

Wilton Rancheria dba Sky River Casino (the "Tribe") requests that you disregard the November 28, 2023 letter from UNITE HERE International Union ("Unite Here"). This letter was an unauthorized and inappropriate attempt to provide substantive arguments and commandeer the arbitration process.

First, pursuant to Rule 46 of the AAA Labor Arbitration Rules, "[t]here shall be no direct communication between the parties and a neutral arbitrator on substantive matters relating to the case other than at oral hearings" as "[a]ny other oral or written communication from the parties to the arbitrator [must] be directed to the AAA for transmittal to the arbitrator."

There are only two exceptions to this rule. The first exception is that the rule does not bar "communications on non-substantive matters such as travel arrangements and driving directions" or "communications in special circumstances (such as emergency delays)." The letter directly addresses the dispute and the issue(s) at dispute, providing a clear separation between the letter and the exemplary non-substantive matters of "travel arrangements and driving directions." Further, provided that the hearing is scheduled for February 8, 2024, Unite Here had sufficient time to discuss certain matters, such as the requested briefing schedules, utilizing the proper channels (through Mr. Kriegsman) and without providing substantive arguments.

The second exception is that the rule does not apply if "the parties and the arbitrator agree otherwise." Neither the Tribe nor the arbitrator have agreed to allow substantive arguments. The only permission the Tribe has provided was for the limited purposes of forwarding copies of the Memorandum of Agreement (MOA) and the Tribal Labor Relations Ordinance of 2019 (TLRO). While the Tribe felt this was unnecessary since copies were filed with AAA as attachments to the Demand for Arbitration, the Tribe provided the permission as a courtesy to Unite Here with the understanding that forwarding already-provided copies of documents is non-substantive. Not only did Unite Here incorrectly provide pages from the Tribal-State Gaming Compact, despite the fact

**3600 American River Drive, Suite 205**
**Sacramento, CA, 95864-5950**

**T 916 488-5388**
**F 916 488-5387**
**scarroll@thecarrollfirm.com**
**thecarrollfirm.com**



that Unite Here has repeatedly been provided a copy of the TLRO, the permission was limited in scope to the non-substantive forwarding of documents. Unite Here cannot unilaterally expand this limited permission to include a substantive letter addressing the issue(s) at dispute, nor can Unite Here expand this limited permission to override the necessary permission of the arbitrator. Therefore, Unite Here's November 28, 2023 letter was in direct violation of Section 46 of the Labor Arbitration Rules as no exception can apply.

Second, the Tribe objects to Unite Here's attempts to restructure the issue(s) at dispute. The Tribe, and not Unite Here, filed the Demand for Arbitration. Therefore, the Tribe, and not Unite Here, has the ability to define the issue(s) at dispute. Since the Demand for Arbitration and the corresponding issue(s) presented were filed on August 18, 2023, Unite Here has had plenty of opportunities to refuse arbitration and/or pursue alternative dispute resolution mechanisms if Unite Here did not agree with the issue(s) presented in the Demand for Arbitration. Instead, Unite Here has provided multiple assurances that they intend to engage in this arbitration, which necessarily includes the issue(s) presented. These assurances have led to multiple extensions, and a recent motion requesting a stay, in the Wilton Rancheria Tribal Court proceeding seeking to compel arbitration. Unite Here cannot agree to engage in this arbitration, attempting to avoid legal proceedings to compel arbitration, and simultaneously refuse to engage in this arbitration, through inappropriate attempts to override the issue(s) presented. After the Arbitrator is appointed, no new or different claim may be submitted except with the consent of the arbitrator *and all other parties*. See AAA Labor Arbitration Rule 5(b).

This continuous effort to restructure the issue(s) at dispute is why Unite Here finds the Tribe's response to be "perplexing and troubling." Without delving into the substance of the argument, Unite Here has repeatedly been informed that the argument is one of *incorporation*, not one of violation as the letter portrayed. As stated in the Tribe's response to Unite Here's email, a decision on a case that involves incorporation "can take many forms" and is not limited solely to the two choices of whether the MOA or the TLRO applies. Since a decision can include numerous possibilities in between the two extremes, any agreement of the parties on how to proceed is highly speculative and is better suited for after the decision is made, which would provide the new landscape of the rights and obligations of the parties.

Similarly, presenting issues that only apply to one form of a decision, coupled with briefing and arguments for all other issues that only apply to one form of a decision, is premature and wasteful. The parties must have an understanding of how the MOA and the TLRO relate to one another, giving rise to the rights and obligations of each party, before addressing next steps.

Very truly yours,

Sheila Lamb Carroll
SLC/DJC/ld

Cc:    Kristin Martin (klm@msh.law)
       Jeffrey Kriegsman jeffreykriegsman@adr.org

CARROLL
& ASSOCIATES, PC

EXHIBIT "L"

**From:**      Sheila Carroll
**Sent:**      Thursday, November 30, 2023 1:36 PM
**To:**        Norm Brand; Kristin Martin; Gabrielle Fishman; Jeffrey Kriegsman
**Cc:**        Lindsey Dickinson; Dacia Cenat; Nora Fluetsch
**Subject:**   RE: 4220 UNITE HERE & Wilton Rancheria

Thank you Judge Brand.
We will work with Gabrielle on scheduling.
Best,
Sheila

Sheila Lamb Carroll
Attorney at Law
She/Her/Hers



3600 American River Drive,
Suite 205, Sacramento, CA,
95864-5950
T 916 488-5388
F 916 488-5387
thecarrollfirm.com

This communication contains information that may be confidential and/or legally privileged.  It is intended only for the use of the individual or entity to which it is addressed.  If you have received this communication in error, please call us at 916.488.5388 and destroy any associated printed materials and delete the electronic material from any computer.  Please be aware that any unauthorized disclosure, use or publication of this communication or the information it contains may result in criminal and/or civil liability.  Thank you.

**From:** Norm Brand <nb@normbrand.com>
**Sent:** Thursday, November 30, 2023 1:32 PM
**To:** Sheila Carroll <scarroll@TheCarrollFirm.com>; Kristin Martin <klm@msh.law>; Gabrielle Fishman <aa@normbrand.com>; Jeffrey Kriegsman <KriegsmanJ@adr.org>
**Subject:** 4220 UNITE HERE & Wilton Rancheria

You don't often get email from nb@normbrand.com. Learn why this is important

Dear Parties:
 I have asked Gabrielle to set up a conference call because of the confusion that two scheduling systems have caused. I have a public calendar that parties use to schedule hearings, including those in cases administered by AAA. Using this system allows the parties to consult over my available dates and get a rapid confirmation of a hearing date.

In this case, the scheduling began through my calendar and I subsequently got a notice from AAA of my selection in this case. Without commenting on substance, I note that there may be differences in the parties' understanding of the issue(s). That is why I want to have a conference call. We can address differences and decide on how to go forward.

Thank you for your cooperation.

Norman Brand, Esq.
Arbitrator/Mediator
415-484-8704
nb@normbrand.com | www.normbrand.com
Available for videoconference arbitration hearings

EXHIBIT "M"

**From:**          Kristin Martin <klm@msh.law>
**Sent:**          Monday, December 4, 2023 5:04 PM
**To:**            Sheila Carroll
**Cc:**            ckazhe@kazhelaw.com; Dacia Cenat; Lindsey Dickinson; Arbi Babakhanlou
**Subject:**       RE: Wilton and UNITE HERE

Thank you for your candor.  That won't work with the schedule we discussed today.

Kristin L. Martin
McCracken, Stemerman & Holsberry, LLP
415-597-7200/msh.law

---

**From:** Sheila Carroll <scarroll@TheCarrollFirm.com>
**Sent:** Monday, December 4, 2023 4:40 PM
**To:** Kristin Martin <klm@msh.law>
**Cc:** ckazhe@kazhelaw.com; Dacia Cenat <dcenat@TheCarrollFirm.com>; Lindsey Dickinson
<ldickinson@TheCarrollFirm.com>; Arbi Babakhanlou <arbi@kazhelaw.com>
**Subject:** RE: Wilton and UNITE HERE

Kristin
Thanks for the conversation today. I wanted to clarify that I agreed to service by Notice and Acknowledgement which
you said you were mailing to me. Accordingly, Wilton Rancheria will not be considered served until 20 days after that
notice is received; and will file our response with the court accordingly. I did not agree to accept service as of today's
date. I do not have authority and Unite Here will need to proceed by personal service if not serving by notice of
acknowledgement.

Regards,
Sheila

Sheila Lamb Carroll
Attorney at Law
She/Her/Hers



3600 American River Drive,
Suite 205, Sacramento, CA,
95864-5950
T 916 488-5388
F 916 488-5387
thecarrollfirm.com

This communication contains information that may be confidential and/or legally privileged.  It is intended only for the use of the individual or entity to
which it is addressed.  If you have received this communication in error, please call us at 916.488.5388 and destroy any associated printed materials
and delete the electronic material from any computer.  Please be aware that any unauthorized disclosure, use or publication of this communication or the
information it contains may result in criminal and/or civil liability.  Thank you.

---

**From:** Kristin Martin <klm@msh.law>
**Sent:** Monday, December 4, 2023 3:30 PM

**To:** Sheila Carroll <scarroll@TheCarrollFirm.com>
**Cc:** ckazhe@kazhelaw.com; Dacia Cenat <dcenat@TheCarrollFirm.com>; Lindsey Dickinson <ldickinson@TheCarrollFirm.com>
**Subject:** RE: Wilton and UNITE HERE

Hi Sheila –

Thank you for agreeing to accept service of the complaint, summons and motion to compel, which was filed today after we spoke.  Please let me know where and how you would like me to send the documents.

Kristin L. Martin
McCracken, Stemerman & Holsberry, LLP
415-597-7200/msh.law

---

**From:** Sheila Carroll <scarroll@TheCarrollFirm.com>
**Sent:** Thursday, November 30, 2023 1:22 PM
**To:** Kristin Martin <klm@msh.law>
**Cc:** ckazhe@kazhelaw.com; Dacia Cenat <dcenat@TheCarrollFirm.com>; Lindsey Dickinson <ldickinson@TheCarrollFirm.com>
**Subject:** RE: Wilton and UNITE HERE

Hi Kristin,
Confirmed for 11 am and you can call me at 916.488.5388.

Sheila Lamb Carroll
Attorney at Law
She/Her/Hers



3600 American River Drive,
Suite 205, Sacramento, CA,
95864-5950
T 916 488-5388
F 916 488-5387
thecarrollfirm.com

This communication contains information that may be confidential and/or legally privileged.  It is intended only for the use of the individual or entity to which it is addressed.  If you have received this communication in error, please call us at 916.488.5388 and destroy any associated printed materials and delete the electronic material from any computer.  Please be aware that any unauthorized disclosure, use or publication of this communication or the information it contains may result in criminal and/or civil liability.  Thank you.

---

**From:** Kristin Martin <klm@msh.law>
**Sent:** Thursday, November 30, 2023 1:10 PM
**To:** Sheila Carroll <scarroll@TheCarrollFirm.com>
**Subject:** RE: Wilton and UNITE HERE

Yes, 11 am works.  I will call you on the number below on your signature line, unless you tell me another number is better.

Kristin L. Martin
McCracken, Stemerman & Holsberry, LLP
415-597-7200/msh.law

**From:** Sheila Carroll <scarroll@TheCarrollFirm.com>
**Sent:** Thursday, November 30, 2023 12:40 PM
**To:** Kristin Martin <klm@msh.law>
**Cc:** ckazhe@kazhelaw.com; Dacia Cenat <dcenat@TheCarrollFirm.com>; Lindsey Dickinson <ldickinson@TheCarrollFirm.com>; Nora Fluetsch <nfluetsch@TheCarrollFirm.com>
**Subject:** RE: Wilton and UNITE HERE

Hi Kristin,
Generally, on litigation matters (including arbitration) you should call me. Do you have any time tomorrow between 10-12?
Best,
Sheila

Sheila Lamb Carroll
Attorney at Law
She/Her/Hers



3600 American River Drive,
Suite 205, Sacramento, CA,
95864-5950
T 916 488-5388
F 916 488-5387
thecarrollfirm.com

This communication contains information that may be confidential and/or legally privileged.  It is intended only for the use of the individual or entity to which it is addressed.  If you have received this communication in error, please call us at 916.488.5388 and destroy any associated printed materials and delete the electronic material from any computer.  Please be aware that any unauthorized disclosure, use or publication of this communication or the information it contains may result in criminal and/or civil liability.  Thank you.

**From:** Kristin Martin <klm@msh.law>
**Sent:** Thursday, November 30, 2023 8:35 AM
**To:** Sheila Carroll <scarroll@TheCarrollFirm.com>
**Subject:** Wilton and UNITE HERE

Hi Sheila –

I have a question about moving forward.  Should I talk to you or Christina?  If you, can you let me know what times would work for you. Thanks.

Kristin L. Martin
McCracken, Stemerman & Holsberry, LLP
475 14th Street No. 1200, Oakland, CA  94612
1630 S. Commerce St., Las Vegas, NV  89102
415-597-7200/msh.law

Please be advised that this email and any files transmitted with it are confidential attorney-client communications or attorney work product or may otherwise be privileged or confidential and are intended solely for the individuals or entities to whom they are addressed. If you are not the intended recipient, please do not read, copy or retransmit this communication but destroy it immediately. Any unauthorized dissemination, distribution or copying of this communication is strictly prohibited.

EXHIBIT "N"

**From:** Sheila Carroll
**Sent:** Thursday, December 14, 2023 7:49 PM
**To:** Kristin Martin
**Cc:** Dacia Cenat; Lindsey Dickinson; Nora Fluetsch
**Subject:** RE: UNITE HERE V. WILTON RANCHERIA: Meet & confer regarding Motion to Dismiss

Hello Kristin,
The only reason I mentioned notice and acknowledgment is because that what I was authorized to accept. There is no other reason that I would have mentioned this. It was a brief discussion. This is not gamesmanship. I believe you were likely so focused on your own argument you did not hear me. It happens.

I did say I am available on 1/26 and I am honoring your 1/26 date. We understand these are compelling issues and the Tribe and I do not want to delay this. But I will be challenging service. You did not serve properly under the FRCP. There are several things you could have done to remedy that. We have scrambled to respond and file papers by next Monday, but it was not fair of you. You could have been much more reasonable, or at least tried to follow the rules.

I've available tomorrow after the meeting with the arbitrator. I think its important we try to talk, and I do appreciate your time. You said you don't have much time. If you've got a hard stop after 15 or 30 minutes- or whatever- let me know and I will honor that. I'll explain where we're coming from with the ripeness argument. I hope we can start fresh and make some progress on communicating with each other more clearly. If we don't reach agreement – that's ok too but we owe it to our clients to at least try to understand each other's positions.
Sincerely,
Sheila

Sheila Lamb Carroll
Attorney at Law
She/Her/Hers



CARROLL
& ASSOCIATES, PC
3600 American River Drive,
Suite 205, Sacramento, CA,
95864-5950
T 916 488-5388
F 916 488-5387
thecarrollfirm.com

This communication contains information that may be confidential and/or legally privileged. It is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please call us at 916.488.5388 and destroy any associated printed materials and delete the electronic material from any computer. Please be aware that any unauthorized disclosure, use or publication of this communication or the information it contains may result in criminal and/or civil liability. Thank you.

**From:** Kristin Martin <klm@msh.law>
**Sent:** Thursday, December 14, 2023 10:25 AM
**To:** Sheila Carroll <scarroll@TheCarrollFirm.com>
**Subject:** RE: UNITE HERE V. WILTON RANCHERIA: Meet & confer regarding Motion to Dismiss

Hi Sheila –

You did mention the notice and acknowledgement form when we spoke, but you did not say until the post-call email that you intended to delay returning it in order to make the January 26 date impractical. This was after you checked

your calendar during the call and said that the January 26 date would work. It all smacks of gamesmanship. That said, I hope that we can but that behind us and proceed to litigate the substantive issues to quick resolution, which will help our clients to move forward.

I don't understand your ripeness theory. If you would like to discuss it with me, I am willing to do so but 3 pm today does not work. I can talk to you after our call with Arbitrator Brand tomorrow morning, assuming that call does not run for too long.

Kristin L. Martin
McCracken, Stemerman & Holsberry, LLP
415-597-7200/msh.law

---

**From:** Sheila Carroll <scarroll@TheCarrollFirm.com>
**Sent:** Wednesday, December 13, 2023 8:29 PM
**To:** Kristin Martin <klm@msh.law>
**Cc:** Dacia Cenat <dcenat@TheCarrollFirm.com>; Lindsey Dickinson <ldickinson@TheCarrollFirm.com>; Nora Fluetsch <nfluetsch@TheCarrollFirm.com>
**Subject:** RE: UNITE HERE V. WILTON RANCHERIA: Meet & confer regarding Motion to Dismiss

Hi Kristin,

I disagree with your characterization of our telephone conversation on December 4, 2023. Regarding service, I was very clear that I would accept service via mail **if** you provided me with a Notice and Acknowledgment of Receipt, which you have not. In spite of not having been properly served, we will be responding to the Complaint in a timely manner without waiving jurisdictional objections.

Regarding the Tribe's Motion to Dismiss, we did discuss this on December 4, 2023. I stated I intended to file a Motion to Dismiss and you stated "although I'm not telling you how to run your practice" that I should file an Opposition to the Motion to Compel and not a Motion to Dismiss. I responded at that point that I would still be filing my Motion to Dismiss.

We are bringing our motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5), because the Court does not have subject-matter jurisdiction over the Tribe due to the Union's unripe claim demanding arbitration and because the Union did not properly serve the Tribe. Your demand is unripe because we already have the AAA Arbitration set with Arbitrator Norman Brand who is charged with the decision regarding whether the TRLO is the governing document. You're asking for an arbitration that isn't necessary at this time because we are already set for arbitration and that Arbitrator will make a decision regarding the TLRO as set forth in our demand for arbitration. We've not taken any steps to delay this matter. You have arguably delayed it by filing a Federal case and motion without clearly establishing proper service.

If you are interested, we can schedule a call to go over more detailed grounds for the Tribe's Motion to Dismiss (12)(b)(1) and 12(b)(5) in further so we can be clear whether any agreement can be reached. Does tomorrow, Thursday at 3:00 pm work for you? If so, you can reach me at my office number. Let me know and I'll block the time.

Sincerely,

Sheila

Sheila Lamb Carroll
Attorney at Law
She/Her/Hers



3600 American River Drive,
Suite 205, Sacramento, CA,
95864-5950
T 916 488-5388
F 916 488-5387
thecarrollfirm.com

This communication contains information that may be confidential and/or legally privileged. It is intended only for the use of the individual or entity to which it is addressed. If you have received this communication in error, please call us at 916.488.5388 and destroy any associated printed materials and delete the electronic material from any computer. Please be aware that any unauthorized disclosure, use or publication of this communication or the information it contains may result in criminal and/or civil liability. Thank you.

**From:** Kristin Martin <klm@msh.law>
**Sent:** Wednesday, December 13, 2023 8:31 AM
**To:** Sheila Carroll <scarroll@TheCarrollFirm.com>
**Subject:** RE: UNITE HERE V. WILTON RANCHERIA: Meet & confer regarding Motion to Dismiss

Hi Sheila –

I don't understand your comments below. We discussed the Union's complaint on two days and the related motion to compel. On the first day, I explained to you what the motion would seek. You then said that you would discuss it with your client. We spoke again a few days later after you had spoken to your client, and you said that your client would not agree to appoint an arbitrator or arbitrate the disputes. You said that you intended to file a motion to dismiss but did not tell me the basis for that motion. I explained that under the FAA procedures, which prioritize speedy resolution of labor disputes, the correct way to raise your objections to the complaint is to do so in opposition to the motion to compel. You did not disagree with that. You also offered to accept service of the complaint and motion, and said that you were available for a hearing on the motion on January 26, 2024. After the call ended, in an email exchange, it became apparent that you were engaged in gamesmanship and were planning to delay acceptance to delay hearing on the motion to compel. If you would like to discuss any of this further, I will schedule a time with you. I hope that we can agree to quickly put the substantive issues before the court.

Kristin L. Martin
McCracken, Stemerman & Holsberry, LLP
415-597-7200/msh.law

**From:** Sheila Carroll <scarroll@TheCarrollFirm.com>
**Sent:** Tuesday, December 12, 2023 3:16 PM
**To:** Kristin Martin <klm@msh.law>
**Cc:** Dacia Cenat <dcenat@TheCarrollFirm.com>; Lindsey Dickinson <ldickinson@TheCarrollFirm.com>; Nora Fluetsch <nfluetsch@TheCarrollFirm.com>
**Subject:** UNITE HERE V. WILTON RANCHERIA: Meet & confer regarding Motion to Dismiss

Hello Kristin,
During our telephone conversation last Monday, December 4th, I informed you that the Tribe would be filing a Motion to Dismiss the Union's Complaint. Despite our meet and confer efforts, you and the Union were unwilling to dismiss the Union's Complaint against the Tribe. Although the Tribe has not yet been properly served, in order to protect its interests and because it understand the time sensitive nature of this dispute, the Tribe will be bringing a Motion to

Dismiss based upon Federal Rule of Civil Procedure 12(b)(1) and 12(b)(5). The Court does not have subject-matter jurisdiction over the Tribe due to the Union's unripe claim demanding arbitration. If you feel that we have not exhausted all meet and confer efforts, and/or that we can reach some type of agreement, please contact me to discuss before close of 5 pm Thursday, December 14.

Sincerely,

Sheila


Sheila Lamb Carroll
Attorney at Law
She/Her/Hers



3600 American River Drive,
Suite 205, Sacramento, CA,
95864-5950
T 916 488-5388
F 916 488-5387
thecarrollfirm.com

This communication contains information that may be confidential and/or legally privileged.  It is intended only for the use of the individual or entity to which it is addressed.  If you have received this communication in error, please call us at 916.488.5388 and destroy any associated printed materials and delete the electronic material from any computer.  Please be aware that any unauthorized disclosure, use or publication of this communication or the information it contains may result in criminal and/or civil liability.  Thank you.