CARROLL & ASSOCIATES, P.C.
Sheila Lamb Carroll (SBN 142764)
Dacia J. Cenat (SBN 305161)
3600 American River Drive, Suite 205
Sacramento, CA  95864
Telephone:  916.488.5388
Facsimile:   916.488.5387
scarroll@thecarrollfirm.com
dcenat@thecarrollfirm.com

Attorneys for Defendant
WILTON RANCHERIA

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE,<br><br>          Plaintiff,<br><br>    v.<br><br>WILTON RANCHERIA,<br><br>          Defendant. | Case No. 2:23-cv-02767-KJM-DB<br><br>**DECLARATION OF CHRISTINA KAZHE IN SUPPORT OF WILTON RANCHERIA'S MOTION TO DISMISS UNITE HERE'S VERIFIED COMPLAINT AND PETITION TO COMPEL ARBITRATION AND SELECTION OF AN ARBITRATOR**<br><br>**DATE:**     January 26, 2024<br>**TIME**:     10:00 AM<br>**CTRM:**   3 (15th floor)<br>**JUDGE:**  Hon. Kimberly J. Mueller |

I, Christina Kazhe, declare:

1.      I am an attorney duly licensed to practice law in the State of California and represent Wilton Rancheria, California ("the Tribe") as its General Counsel.

2.      I have personal knowledge of the facts set forth in this declaration and am competent to testify as a witness, and if called as a witness, I would so competently testify to the veracity of the facts stated herein, except as to the matters stated on information and belief, and to those matters, I believe them to be true.

3.      On June 30, 2023, UNITE HERE's ("the Union") counsel, Kristin Martin, sent me a letter threatening a legal proceeding to compel arbitration, pursuant to the Memorandum of Agreement ("MOA"), if the Tribe did not participate in the process of selecting an arbitrator.

1    **A true and correct copy of Ms. Martin's correspondence dated June 30, 2023 is attached**

2    **hereto as Exhibit A.**

3         4.    That same day, June 30, 2023, I sent Ms. Martin an email, explaining that both

4    the MOA and the Tribal Labor Relations Ordinance of 2019 ("TLRO") need to be considered,

5    especially in light of the fact that "the language of the MOA clearly indicates the intention that

6    the TLRO be incorporated into the MOA upon enactment." I further explained, "This requires

7    interpretation and best efforts to substantially comply with both the MOA and the TLRO." **A**

8    **true and correct copy of the email thread containing my email to Ms. Martin dated June 30,**

9    **2023 is attached hereto as Exhibit B.**

10        5.    On July 3, 2023, Ms. Martin responded to my email, disagreeing that the TLRO

11   procedures must be followed for union recognition and demanding that the Tribe arbitrate

12   disputes pursuant to the MOA alone. **A true and correct copy of the email thread containing**

13   **Ms. Martin's email dated July 3, 2023 is attached hereto as Exhibit B.**

14        6.    On July 5, 2023, I responded to Ms. Martin, explaining, once again, why the TLRO

15   must be followed and noting that the Union was fully aware that the Tribe was required to adopt

16   the TLRO. **A true and correct copy of the email thread containing my email to Ms. Martin**

17   **dated July 5, 2023 is attached hereto as Exhibit B.**

18        7.    On July 11, 2023, Ms. Martin, Kevin Wadzinski (counsel for the Boyd Gaming

19   Corporation), and I had a telephone conversation regarding the TLRO, MOA, and specifically,

20   the union recognition process, which is addressed in both the TLRO and MOA. As a result of

21   the parties' disagreements, we discussed arbitration and selecting an arbitrator following the

22   process identified in the TLRO, since both the TLRO and the MOA allow for this selection

23   process. After our telephone conversation, Ms. Martin provided me with ten names from the

24   Tribal Labor Panel. **A true and correct copy of the email thread containing Ms. Martin's**

25   **email dated July 11, 2023 is attached hereto as Exhibit C.**

26        8.    On July 17, 2023, I sent Ms. Martin an email, explaining that we can frame the

27   issue to the arbitrator "in a neutral stance that is pursuant to both the TLRO and the MOA, by

28   seeking a determination of whether the TLRO or the MOA governs where there are inconsistent

Carroll &
Associates, PC

2                    Case No. 2:23-cv-02767-KJM-DB
DECLARATION OF CHRISTINA KAZHE IN SUPPORT OF WILTON RANCHERIA'S MOTION TO DISMISS
UNITE HERE'S VERIFIED COMPLAINT AND PETITION TO COMPEL ARBITRATION AND SELECTION
OF AN ARBITRATOR

1    provisions." **A true and correct copy of the email thread containing my email to Ms. Martin**

2    **dated July 17, 2023 is attached hereto as Exhibit C.**

3          9.      On July 21, 2023, Ms. Martin asked whether any of the ten names from the

4    Tribal Labor Panel was acceptable to the Tribe. **A true and correct copy of the email thread**

5    **containing Ms. Martin's email dated July 21, 2023 is attached hereto as Exhibit C.**

6          10.     On July 27, 2023, I restated the suggestion that the parties move "forward with a

7    joint request for a panel of five members to strike from with a neutral issue before the

8    arbitrator," as the "plan…is compliant under both the TLRO and the MOA" and "it allows both

9    parties to comply with their respective positions." **A true and correct copy of the email thread**

10   **containing my email to Ms. Martin dated July 27, 2023 is attached hereto as Exhibit C.**

11         11.     On August 18, 2023, I submitted the Tribe's Demand for Arbitration to AAA,

12   requesting that the Tribal Labor Panel resolve the dispute.

13         12.     That same day, August 18, 2023, I filed a Petition in the Wilton Rancheria Tribal

14   Court seeking to compel arbitration, given the Union's prior refusal to agree to arbitrate the

15   dispute. **A true and correct copy of the Petition that I filed in Tribal Court on August 18,**

16   **2023 is attached hereto as Exhibit D.**

17         13.     Thereafter, the Union made repeated assurances that the Union will engage in the

18   arbitration, fully understanding the narrow Grievance and remedy described above, resulting in

19   two extensions of the Union's answer deadline and a stay in the Wilton Rancheria Tribal Court

20   proceeding. **True and correct copies of the Tribal Court's orders are attached hereto as**

21   **Exhibit E.**

22         14.     On October 17, 2023, Ms. Martin sent me an email, confirming, in no uncertain

23   terms, that the Union "will agree to arbitrate, under the TLRO's arbitration procedures, the

24   dispute about whether the MOA between the Tribe, Boyd, and [the Union] violates the TLRO."

25   **A true and correct copy of this email from October 17, 2023 is attached hereto as Exhibit F.**

26         15.     On November 7, 2023, the Tribe and Union agreed to use Arbitrator Norman

27   Brand from the Tribal Labor Panel to hear the Grievance brought by the Tribe. **A true and**

28   **correct copy of the email thread containing the email documenting the parties' agreement on**

3         Case No. 2:23-cv-02767-KJM-DB

DECLARATION OF CHRISTINA KAZHE IN SUPPORT OF WILTON RANCHERIA'S MOTION TO DISMISS
UNITE HERE'S VERIFIED COMPLAINT AND PETITION TO COMPEL ARBITRATION AND SELECTION
OF AN ARBITRATOR

1  **November 7, 2023 is attached hereto as Exhibit G.**

2  16.  On December 12, 2023, I received the Union's Complaint, Summons, and

3  Motion to Compel Arbitration in the mail. Included with the documents was a letter dated

4  December 5, 2023, but the UPS tracking number and information shows that the label for the

5  package of documents was not even created until December 11, 2023. **A true and correct copy**

6  **of the screenshot showing the UPS tracking information is attached hereto as Exhibit H.**

7  17.  At no point in time has Ms. Martin or her office provided me with a Notice and

8  Acknowledgement of Receipt. And the Tribe has not been served personally or otherwise.

9  Notably, the Tribe never agreed to waive service, and there certainly is no writing reflecting any

10  waiver.

11  18.  **Attached as Exhibit 1 to the Tribe's Request for Judicial Notice is a true and**

12  **correct copy of the relevant portions of the Tribal-State Gaming Compact Between The**

13  **State Of California And Wilton Rancheria.** As demonstrated therein, the Tribe signed the

14  Compact on June 29, 2017, and the Governor of the State of California signed the Compact on

15  July 19, 2017.

16  19.  **Attached as Exhibit 2 to the Tribe's Request for Judicial Notice is a true and**

17  **correct copy of the TLRO: Chapter 3 of the Wilton Rancheria Labor Code enacted by the**

18  **Tribal Council, the Tribe's legislative body, in 2019.**

19  20.  **A true and correct copy of Tribal Council Resolution No. 2019-23, which is**

20  **the Tribe's Resolution enacting the TLRO, is attached hereto as Exhibit I.**

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

Carroll &
Associates, PC

DECLARATION OF CHRISTINA KAZHE IN SUPPORT OF WILTON RANCHERIA'S MOTION TO DISMISS
UNITE HERE'S VERIFIED COMPLAINT AND PETITION TO COMPEL ARBITRATION AND SELECTION
OF AN ARBITRATOR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 15th day of December 2023 at Elk Grove, California.

_____
CHRISTINA KAZHE

5                    Case No. 2:23-cv-02767-KJM-DB

DECLARATION OF CHRISTINA KAZHE IN SUPPORT OF WILTON RANCHERIA'S MOTION TO DISMISS UNITE HERE'S VERIFIED COMPLAINT AND PETITION TO COMPEL ARBITRATION AND SELECTION OF AN ARBITRATOR

EXHIBIT "A"

June 30, 2023

Oakland

475 14th Street, Suite 1200
Oakland, CA  94612
415.597.7200
Fax 415.597.7201


Steven L. Stemerman (CA, NV)
Richard G. McCracken (CA, NV)
W. David Holsberry (CA, NV)
John J. Davis (CA)
Kristin L. Martin (CA, NV, HI)
Eric B. Myers (CA, NV)
Paul L. More (CA, NV, MA)
Sarah Varela (CA, AZ, NV)
Sarah Grossman-Swenson (CA, NV)
Kimberly Hancock (CA)
Kimberley C. Weber (CA, NV)
Richard Treadwell (CA)
Luke Dowling (CA)
Ivy Yan (CA)



Robert P. Cowell (1931-1980)



Barry S. Jellison (CA) (Ret.)

***Via U.S. Mail and Electronic Mail***

Christina Kazhe
General Counsel, Wilton Rancheria
9728 Kent Street
Elk Grove, CA 95624
ckazhe@wiltonrancheria-nsn.gov

Kevin Wadzinski
Powers Pyles Sutter & Verville PC
1501 M Street NW, 7th Floor
Washington, D.C.  20005
kevin.wadzinski@ppsv.com

Re:   Wilton Rancheria and UNITE HERE

Dear Ms. Kazhe and Mr. Wadzinsky:

As you know, our clients entered into a Memorandum of Agreement in 2017 about the process for union organizing at the Sky River Casino.  Paragraph 7 of that MOA says that when UNITE HERE requests recognition, the arbitrator selected under paragraph 11 will determine whether UNITE HERE has support from the majority of employees, and that if the arbitrator finds that UNITE HERE has such support, both of your clients (Wilton Rancheria and Boyd Gaming, respectively) will recognize UNITE HERE as the employees' collective bargaining representative.  UNITE HERE requested recognition on June 20, 2023.

Paragraph 11 of the MOA requires Wilton Rancheria and UNITE HERE (but not Boyd Gaming) to select an arbitrator from a seven-member panel obtained from the FMCS.  I have made repeated efforts to engage the Wilton Rancheria in selecting an arbitrator.  On February 23 and 27, 2023, I asked Mr. Wadzinsky to identify the Wilton Rancheria's representative.  When he did not do so, I requested the list from the FMCS and asked the FMCS to send the list to me and Wilton Rancheria Chairman Jesus Tarango, which the FMCS did on

Las Vegas

Las Vegas, NV  89102
702.386.5107
Fax 702.386.9848

Christina Kazhe; Kevin Wadzinski
June 30, 2023
Page 2 of 3

March 8.  I did not hear anything from Chairman Tarango or any other Wilton Rancheria representative.  On May 30, I again requested that Mr. Wadzinsky tell me who represented Wilton Rancheria.  One week later, on June 7, Mr. Wazinsky referred me to Ms. Kazhe.  Since then, I have sent repeated emails to Ms. Kazhe but neither Ms. Kazhe nor any other Wilton Rancheria representative has taken any steps to select an arbitrator as required by paragraph 11 of the MOA.

If the Wilton Rancheria does not participate in selecting an arbitrator as required by paragraph 11, I will be forced to obtain a court order compelling such selection or naming an arbitrator.  This is not a step that UNITE HERE takes lightly, but the Wilton Rancheria's failure to comply with its obligations under the MOA will leave us no other option.  Please contact me by July 7, if you want to select an arbitrator as required by paragraph 11.  If you do not do so, I will proceed accordingly.

The Wilton Rancheria has no basis for refusing to select an arbitrator or to comply with any of its other obligations under the MOA.  In January, Mr. Wadzinsky floated a theory that the Tribal Labor Relations Ordinance in the Wilton Rancheria's compact with California invalidated the MOA.  On January 24, I sent Mr. Wadzinsky a lengthy letter explaining why that could not be so.  Mr. Wadzinsky then conceded the MOA's validity when, on February 1, he solicited a notice of intent to organize under paragraph 5 of the MOA, and on February 3, he stated that Sky River Casino would comply with paragraphs 5 and 6 of the MOA.

In an email dated June 15, Ms. Kazhe seemed to adopt Mr. Wadzinsky's earlier theory, and so I immediately sent her a copy of my January 24 letter to Mr. Wadzinsky.  To date, Ms. Kazhe has not offered any substantive response to that letter or any other reason why the Wilton Rancheria will not select an arbitrator.  Instead, the Wilton Rancheria responded to UNITE HERE's June 20 request for recognition by denying the union organizers access to the casino, which is also in violation of the MOA.

It is worth reiterating a point that I made in my January 24 letter.  At every Class III casino in California where UNITE HERE represents employees, the tribe recognized UNITE HERE through a card-check process.  Those casinos are Blue Lake Casino and Hotel, Cache Creek Casino Resort, Chukchansi Gold Resort and Casino, Graton Resort and Casino, Hard Rock Hotel and Casino Sacramento, Harrahs Buena Vista, Jamul Casino, Thunder Valley Casino Resort, and Pala Casino, Resort & Spa.  All of the tribes that own those casinos had compacts or secretarial procedures containing a TLRO at the time the card check was completed.  No one – not the tribes, not the State of California, and not the NLRB – has ever suggested that the TLRO

McCRACKEN, STEMERMAN & HOLSBERRY, LLP

Christina Kazhe; Kevin Wadzinski
June 30, 2023
Page 3 of 3

prohibits a tribe from agreeing to a card check process.  Put simply, the theory that Mr. Wadzinsky briefly floated and then quickly abandoned has no precedent.

We can put all of this before the federal court, and I am confident that UNITE HERE will prevail.  Your actions up to this point give UNITE HERE no other option.  I hope that you will reconsider and conclude that good-faith cooperation is a better path for all of our clients.

Sincerely,

Kristin L. Martin

EXHIBIT "B"

**From:** Kristin Martin <klm@msh.law>
**Sent:** Wednesday, July 5, 2023 5:27 PM
**To:** Christina Kazhe <ckazhe@wiltonrancheria-nsn.gov>
**Subject:** RE: Wilton Rancheria and UNITE HERE

I am happy to wait to speak until Kevin returns next week, if you think that would be more productive.

Kristin L. Martin
McCracken, Stemerman & Holsberry, LLP
415-597-7200/msh.law

---

**From:** Christina Kazhe <ckazhe@wiltonrancheria-nsn.gov>
**Sent:** Wednesday, July 5, 2023 1:28 PM
**To:** Kristin Martin <klm@msh.law>
**Subject:** Re: Wilton Rancheria and UNITE HERE

Hi Kristin,

Thank you for your prompt response. I was out of the office until today for the holiday weekend.

As you point out, the MOA was signed after execution of the Compact but before the Compact was ratified by the California Legislature and approved/deemed approved by the Department of the Interior. Consequently, in addition to the clear language in the MOA expressing the intention to be subject to the TLRO that was explained in my prior email, Unite Here was fully aware that Wilton was required to adopt a TLRO pursuant to the Compact and chose to agree to the MOA anyways. There are at least two reasons why Unite Here would choose this.

First, Wilton and Unite Here did not know "exactly what the TLRO said." Every party knew the terms of the model TLRO in the executed Compact, but that model TLRO was not final as the Compact had yet to be appropriately ratified and approved. The terms of the Compact and the model TLRO could have been adjusted upon an initial failure to have the Compact be ratified or approved to include, for example, a provision in the model TLRO that existing agreements are excluded from the terms of the TLRO. Unite Here chose to agree to the MOA with an understanding that Tribal Law was bound to be adopted and incorporated into the MOA and that the exact terms

of the applicable Tribal Law were in process, Unite Here, Wilton, Sky River Casino and/or Boyd Gaming cannot now violate applicable law.

Second, your email understandably focuses on the provisions in dispute, but that is not dispositive of the issue of why the MOA was signed in the first place. The TLRO only governs to the extent of its terms. Any provision of the MOA that is not inconsistent with the TLRO maintains its effectiveness. In my prior emails, I have not taken the position that the parties completely ignore the MOA. Rather, I have continuously sought to read the two together and harmonize to the extent possible.

A part of these harmonization efforts includes the selection of an arbitrator, considering the interplay between Paragraph 11 of the MOA and Section 3-213 of the TLRO. I note that (1) the TLRO's provisions still results in a neutral arbitrator, and (2) Unite Here has previously been successful utilizing similar dispute resolution provisions. *Unite Here v. Pala Band of Mission Indians*, 583 F. Supp. 2d 1190, 1192-93 (S.D. Cal. 2008) ("Unite Here…filed this petition to confirm an arbitration award against Respondent Pala Band of Mission Indians.…The second level of dispute resolution involves the Tribal Labor Panel, comprised of ten arbitrators mutually appointed by the parties.…Unite Here and Pala Band invoked the TLRO's second level of dispute resolution and held a hearing before Arbitrator Sara Adler.")

I believe it would be helpful for all parties to attempt to resolve this matter, or certain issues if the parties cannot agree on the entire dispute, prior to jumping straight into arbitration. I am happy to have a phone call with you on Friday between 9:30-11:30 am.  However, as Boyd Gaming is a party to the MOA, Kevin Wadzinski should be on a call that results in any final agreements. As he is out until next week, I am happy to wait until he can attend the call or have a preliminary conversation between just the two of us.


Best,
Christina




**Christina Kazhe**
General Counsel, Wilton Rancheria
ckazhe@wiltonrancheria-nsn.gov
9728 Kent Street | Elk Grove | CA | 95624

---

**From:** Kristin Martin <klm@msh.law>
**Sent:** Monday, July 3, 2023 7:50 PM
**To:** Christina Kazhe <ckazhe@wiltonrancheria-nsn.gov>
**Subject:** RE: Wilton Rancheria and UNITE HERE

Hi Christina –

I did not hear back from you, so I will respond to the email you forwarded here.  As you point out, UNITE HERE and the Wilton Rancheria signed the MOA in August 2017.  But before that occurred, Governor Brown and Chairman Hitchcock executed the Wilton Rancheria's compact -- on July 19 and June 29, 2017, respectively.  The Compact was later ratified by the California Legislature and approved by the Secretary of Interior, but without any changes.  Thus, when UNITE HERE and Wilton Rancheria signed the MOA, they knew exactly what the TLRO said. It makes no sense that they would enter into an MOA with a detailed card check process and many other provisions that would – under your theory -- be overridden by the TLRO.  What purpose would that have served?

The organizing provision of the MOA could only take effect if the Compact was ratified because, without the Compact, there would not be a casino with employees for UNITE HERE to organize.

In any event, the MOA contains a clear promise to arbitrate disputes about the interpretation or application of the MOA.  By refusing the select an arbitrator, you are refusing to arbitrate in violation of that promise.

Kristin L. Martin
McCracken, Stemerman & Holsberry, LLP
415-597-7200/msh.law

**From:** Christina Kazhe <ckazhe@wiltonrancheria-nsn.gov>
**Sent:** Friday, June 30, 2023 3:12 PM
**To:** Katherine Pierre <kpierre@msh.law>; kevin.wadzinski@ppsv.com
**Cc:** Kristin Martin <klm@msh.law>
**Subject:** Re: Wilton Rancheria and UNITE HERE

Hello Kristin,

My apologies, I thought the response below went out previously.  It addresses our prior correspondence.  To the extent there is anything new in today's correspondence, we can review and respond.  Please let me know if you would like to discuss next week.

Thank you.

Christina

Kristin,

I have reviewed your letter dated January 24, 2023 to Kevin Wadzinski. Although the letter was drafted at an earlier point in the process, I assume you are asserting similar arguments here. However, your letter mischaracterizes the issue as a conflict between the NLRA on one end and IGRA and the TLRO on the other. Wilton Rancheria asserts no such conflict.

As you know, Unite Here may obtain recognition through one of two methods: an NLRB-conducted election or by voluntary recognition. *NLRB v. Enter. Leasing Co. Se.*, LLC, 722 F.3d 609, 616 (4th Cir. 2013).

If Wilton Rancheria was attempting to unjustifiably prevent an NLRB-conducted election on the basis of the TLRO, preemption and harmonization considerations would arise. However, Wilton Rancheria is not attempting to prevent an NLRB-conducted election, nor do I believe Unite Here is attempting to seek an NLRB-conducted election. Instead, we are focused on the second recognition method: voluntary recognition.

The parties have a memorandum of agreement (MOA) setting forth the terms surrounding voluntary recognition. It seems you believe Wilton Rancheria is not upholding its side of the bargain by not allowing recognition pursuant to a card-check process. Accordingly, this is not an issue that involves preemption or harmonization between the NLRA, IGRA, and/or the TLRO. This is a contract issue wherein you assert that voluntary recognition is being unjustifiably withheld.

Contracts are always subject to applicable law, which includes Tribal law, either through incorporation or by rendering the agreement invalid as a violation of applicable law.  I assume that Unite Here would prefer not to invalidate the MOA, therefore I will explain why the TLRO is incorporated into the MOA.

The last signature of the MOA is dated August 7, 2017. At this time, Wilton Rancheria was in the process of obtaining its Compact with the State of California, with Section 14 of the MOA expressly referencing the process and its timeline, stating "[t]he Union hereby agrees to actively support…the Tribe's efforts to obtain ratification of the Compact[.]" Thereafter, the Compact was approved and rendered effective, containing a model Tribal Labor Relations Ordinance that Wilton Rancheria agreed to adopt pursuant to Section 12.10 of the Compact. As required by the Compact, Wilton Rancheria enacted its TLRO on April 18, 2019, establishing Tribal law.

Typically, contracts incorporate the applicable law in existence at the time of agreement, without consideration of laws enacted after the agreement. However, subsequently-enacted laws may be incorporated if the contract clearly intends such an incorporation. *Middleton v. Halliburton Energy Servs., Inc.*, No. 1:19-cv-01747-ADA-CDB, 2023 U.S. Dist. LEXIS 10655, at *9 (E.D. Cal. Jan. 20, 2023) ("'As a general rule, "all applicable laws in existence when an agreement is made, which laws the parties are presumed to know and to have had in mind, necessarily enter into the contract and form a part of it, without any stipulation to that effect, as if they were expressly referred to and incorporated." However, laws enacted subsequent to the execution of an agreement are not ordinarily deemed to become part of the agreement unless its language clearly indicates this to have been the intention of the parties.'").

In addition to the reference to the TLRO in Section 14 of the MOA, the MOA clearly indicates the intention to be subject to the TLRO. Section 2 of the MOA expressly states that "[t]he parties agree that the Tribal Labor Relations Ordinance governs labor relations at the Casino, and to hereby establish the following procedure for the purpose of ensuring an orderly environment for Employees to exercise their rights under the Tribal Relations Ordinance to organize collectively[.]" Section 16 further states that "[i]n the event that any provision of this Agreement should be rendered invalid by applicable legislation…such action shall not invalidate the entire Agreement, it being the express intention of the parties hereto that all other provisions not rendered invalid shall remain in full force and effect. Both parties agree that the subject matter of any provision found to be invalid shall be renegotiated for the purpose of replacing the invalidated provision with a valid substitute which most nearly achieves the same objective."

Consequently, the language of the MOA clearly indicates the intention that the TLRO be incorporated into the MOA upon enactment. This requires interpretation and best efforts to substantially comply with both the MOA and the TLRO. I address this requirement below but will address alternative arguments that you may have that I can assume from your letter.

To the extent that you assert that the NLRA preempts the TLRO and therefore the TLRO should be read to have a voluntary recognition provision, it should be clear why this is not the case. The TLRO is not the Tribal equivalent of the NLRA. The MOA, as subject to and incorporating the TLRO, *is* the voluntary recognition process afforded pursuant to the NLRA. There is no voluntary recognition of a voluntary recognition.

To the extent that you assert that the NLRA allows parties to contract and therefore the contract can avoid applicable law, it should also be clear that this is not the case. Contracting parties cannot avoid requirements under applicable law solely based on an agreement, even when the agreement addresses voluntary union recognition. *See Joe A. Freitas & Sons v. Food Packers Etc. & Warehousemen*, 164 Cal. App. 3d 1210, 1218 (1985) (Finding a collective bargaining agreement void because the voluntary recognition violated the election requirements of the Agricultural Labor Relations Act).

To the extent that you assert that this position is novel and no other tribes or casinos with agreements with Unite Here have required anything more than a card-check process, that is irrelevant. As private contracting parties, those tribes and casinos are free to assert the contractual arguments they deem necessary. As sovereigns, those tribes are also free to interpret and apply their own tribal law. Neither scenario has any bearing on Wilton Rancheria's interpretation and application of its own contractual provisions or its Tribal law.

To the extent that you assert that the TLRO is not mandatory, this ignores the mandatory and all-inclusive language in the TLRO. Section 3-103 of the TLRO provides that "[t]his Ordinance governs the rights, responsibilities and limitations of **any** labor union or organization that desires to organize employees of the Tribe's class III casino or related facilities[.]" (emphasis added). Section 3-202(A) of the TLRO provides that "[t]he provisions of this Ordinance shall apply to **any** person…who is employed within a tribal casino" (emphasis added) with certain listed exceptions that are not relevant here. Section 3-207(B)(1)(d) of the TLRO provides that "[d]uring the three hundred sixty-five (365) days after the Tribe received the NOIO, the union **must** collect dated and signed authorization cards pursuant to Section 3-210 and complete the secret ballot election also in Section 3-210" and further provides "[f]ailure to complete the secret ballot election within the three hundred sixty-five (365) days after the Tribe received the NOIO **shall** mean that the union **shall not** be permitted to deliver another NOIO for a period of two (2) years (seven hundred thirty (730) days)." (emphasis added in both).

Use of mandatory language, such as "must" and "shall," is spread throughout the TLRO managing each step of the organizing process. Furthermore, the TLRO is clear where requirements are not mandatory, allowing the Casino the opportunity to choose to avoid formal requirements. For example, Section 3-210(B) of the TLRO provides that "[n]othing herein shall preclude the Tribe from voluntarily providing an election eligibility list at an earlier point of a union organizing campaign with or without an election." If the Casino was permitted to bypass the secret ballot elections, the TLRO would have explicitly provided the permission. No such provision exists. Moreover, in addition to the use of mandatory language and the lack of any provision allowing the Casino to voluntarily adopt a different procedure, a claim that the TLRO is not mandatory also ignores the clear intention of incorporating the TLRO into the MOA, as addressed above.

Consequently, the MOA and the TLRO must be read together, and any recognition procedure must substantially comply with both to result in an effective voluntary recognition. While the recognition procedure would need to be fully fleshed out in order to ensure compliance, one possible recognition procedure could include: (1) a requirement that Unite Here presents authorization cards to a Tribal Labor Panel arbitrator to meet a 30% threshold before conducting a secret ballot election; and (2) an arbitrator from the Federal Mediation and Conciliation Service (FMCS) reviews the secret ballot election, in addition to the authorization cards and all other information that the parties submit, to determine if Unite Here has the support of the majority of eligible employees. We are happy to work with Unite Here to establish the appropriate recognition procedures. However, we will not simply ignore the TLRO or the secret ballot requirement under the TLRO.


**Christina Kazhe**
General Counsel, Wilton Rancheria
ckazhe@wiltonrancheria-nsn.gov
9728 Kent Street | Elk Grove | CA | 95624

---

**From:** Katherine Pierre <kpierre@msh.law>
**Sent:** Friday, June 30, 2023 1:02 PM
**To:** Christina Kazhe <ckazhe@wiltonrancheria-nsn.gov>; kevin.wadzinski@ppsv.com <kevin.wadzinski@ppsv.com>
**Cc:** Kristin Martin <klm@msh.law>
**Subject:** Wilton Rancheria and UNITE HERE

You don't often get email from kpierre@msh.law. Learn why this is important

Per Kristin Martin's request, please see attached.  Hardcopy to follow via U.S. Mail.

Thank you.

Katy Pierre, Legal Assistant to:
Richard G. McCracken
Kristin L. Martin
Paul L. More
Sarah Grossman-Swenson

McCRACKEN, STEMERMAN & HOLSBERRY, LLP
475 14th Street, Suite 1200
Oakland, CA 94612

Office:  (415) 597-7200
Direct: (925) 446-0250
Fax: (415) 597-7201

EXHIBIT "C"

**From:** Kristin Martin <klm@msh.law>
**Sent:** Wednesday, August 9, 2023 5:24 PM
**To:** Christina Kazhe <ckazhe@wiltonrancheria-nsn.gov>
**Cc:** Kevin Wadzinski (Kevin.Wadzinski@powerslaw.com) <Kevin.Wadzinski@PowersLaw.com>
**Subject:** RE: Wilton Rancheria and UNITE HERE

Hi Christina –

I am heading off on vacation, and will return on Aug. 23.  I understand that our clients will be meeting, so hopefully that will be productive.

Kristin L. Martin
McCracken, Stemerman & Holsberry, LLP
415-597-7200/msh.law

**From:** Christina Kazhe <ckazhe@wiltonrancheria-nsn.gov>
**Sent:** Thursday, July 27, 2023 3:46 PM
**To:** Kristin Martin <klm@msh.law>
**Cc:** Kevin Wadzinski (Kevin.Wadzinski@powerslaw.com) <Kevin.Wadzinski@PowersLaw.com>
**Subject:** Re: Wilton Rancheria and UNITE HERE

Hello Kristin,

We are proposing a plan that is compliant under both the TLRO and the MOA. This should not be a contentious proposition as it allows both parties to comply with their respective positions.

I assume that you are attempting to sidestep the formal procedure identified in the TLRO to avoid the appearance of submitting to the TLRO's control. However, as I indicated in my prior email and as we discussed in our call, the MOA specifically allows for any other selection process. See MOA, Paragraph 11 ("By mutual agreement, the parties may waive the use of the panel named above and refer the matter in dispute to an arbitrator selected from any other source."). Therefore, you may follow the procedure

identified in the TLRO while still maintaining the position that the selection process is compliant under the MOA.

We cannot agree to the unreasonable position to phrase the issue as one solely under the MOA. Not only does this not provide the same benefits as a neutral stance, but it also blindsides the arbitrator, relegating the TLRO as a "defense," rather than a main component of the dispute.

We suggest moving forward with a joint request for a panel of five members to strike from with a neutral issue before the arbitrator. This appears to be the only method that complies with the TLRO and the MOA, allows both parties to assert their respective positions, and provides the arbitrator with the understanding that both the TLRO and the MOA are at issue. If you have an alternative process that provides these same benefits, please let me know and we can discuss.

Thank you.
Christina


**Christina Kazhe**
General Counsel, Wilton Rancheria
ckazhe@wiltonrancheria-nsn.gov
9728 Kent Street | Elk Grove | CA | 95624

---

**From:** Kristin Martin <klm@msh.law>
**Sent:** Friday, July 21, 2023 11:15 AM
**To:** Christina Kazhe <ckazhe@wiltonrancheria-nsn.gov>
**Cc:** Kevin Wadzinski (Kevin.Wadzinski@powerslaw.com) <Kevin.Wadzinski@PowersLaw.com>
**Subject:** RE: Wilton Rancheria and UNITE HERE

Hi Christina –

I am hoping that we can just agree on an arbitrator for the MOA who is acceptable to all parties. Is there any arbitrator on the list I sent you who is acceptable? If we can't do that, we will strike from the FMCS list as the MOA provides.

We are committed to proceeding under the MOA. You may of course raise whatever defense you want to the arbitrator.

Kristin L. Martin
McCracken, Stemerman & Holsberry, LLP
415-597-7200/msh.law

**From:** Christina Kazhe <ckazhe@wiltonrancheria-nsn.gov>
**Sent:** Monday, July 17, 2023 4:59 PM
**To:** Kristin Martin <klm@msh.law>
**Cc:** Kevin Wadzinski (Kevin.Wadzinski@powerslaw.com) <Kevin.Wadzinski@PowersLaw.com>
**Subject:** Re: Wilton Rancheria and UNITE HERE

Hello Kristin,

During our call on Tuesday, we discussed the possibility of selecting an arbitrator following the process identified in the TLRO because both the TLRO and the MOA allow for this selection process. See MOA, Paragraph 11 ("By mutual agreement, the parties may waive the use of the panel named above and refer the matter in dispute to an arbitrator selected from any other source.")

The TLRO's process for selecting one arbitrator from the Tribal Labor Panel is as follows: from a list of five (5) Tribal Labor Panel members, each party will strike two (2) names with a coin toss determining which party may strike the first name. Please confirm that you agree with this process.

I also note that during the call, you stated that we need to be clear that we are arbitrating pursuant to the MOA. I don't believe continuing this argument of the TLRO versus the MOA is necessary at this point. We can agree to phrase the issue in a neutral stance that is pursuant to both the TLRO and the MOA, by seeking a determination of whether the TLRO or the MOA governs where there are inconsistent provisions. Please let me know if you agree with this neutral approach.

Let me know if you would like to discuss next steps. Thank you.
Christina

**Christina Kazhe**
General Counsel, Wilton Rancheria
ckazhe@wiltonrancheria-nsn.gov
9728 Kent Street | Elk Grove | CA | 95624

---

**From:** Kristin Martin <klm@msh.law>
**Sent:** Tuesday, July 11, 2023 2:48 PM
**To:** Christina Kazhe <ckazhe@wiltonrancheria-nsn.gov>
**Cc:** Kevin Wadzinski (Kevin.Wadzinski@powerslaw.com) <Kevin.Wadzinski@PowersLaw.com>
**Subject:** RE: Wilton Rancheria and UNITE HERE

Tribal Labor Panel

1.   Sarah Adler
2.   Norman Brand
3.   Catherine Harris
4.   John Kagel
5.   Robert Petering
6.   David Weinberg
7.   Andrea Dooley
8.   Juan Carlos Gonzalez
9.   Ken Perea
10.  Chris Cameron

Kristin L. Martin
McCracken, Stemerman & Holsberry, LLP
415-597-7200/msh.law

---

**From:** Christina Kazhe <ckazhe@wiltonrancheria-nsn.gov>
**Sent:** Tuesday, July 11, 2023 1:36 PM
**To:** Kristin Martin <klm@msh.law>

**Cc:** Kevin Wadzinski (Kevin.Wadzinski@powerslaw.com) <Kevin.Wadzinski@PowersLaw.com>
**Subject:** Re: Wilton Rancheria and UNITE HERE

Hello Kristin,
I've had something come up and will be delayed by 10 minutes today.  Can we start the call at **2:10 pm** today?
Thank you.
Christina

> **Christina Kazhe**
> General Counsel, Wilton Rancheria
> ckazhe@wiltonrancheria-nsn.gov
> 9728 Kent Street | Elk Grove | CA | 95624

---

**From:** Kristin Martin <klm@msh.law>
**Sent:** Friday, July 7, 2023 9:30 AM
**To:** Christina Kazhe <ckazhe@wiltonrancheria-nsn.gov>
**Cc:** Kevin Wadzinski (Kevin.Wadzinski@powerslaw.com) <Kevin.Wadzinski@PowersLaw.com>
**Subject:** RE: Wilton Rancheria and UNITE HERE

Thanks.  2 pm on July 11 works for me.

Kristin L. Martin
McCracken, Stemerman & Holsberry, LLP
415-597-7200/msh.law

**From:** Christina Kazhe <ckazhe@wiltonrancheria-nsn.gov>
**Sent:** Friday, July 7, 2023 9:29 AM
**To:** Kristin Martin <klm@msh.law>
**Cc:** Kevin Wadzinski (Kevin.Wadzinski@powerslaw.com) <Kevin.Wadzinski@PowersLaw.com>
**Subject:** Re: Wilton Rancheria and UNITE HERE

Good morning,

We can be available on Tuesday, July 11 any time after 2 pm.  Please let me know if there is a time this day that works for you.
Thank you,
Christina

EXHIBIT "D"

## IN THE WILTON RANCHERIA COURTS
## WILTON RANCHERIA

| PETITION |  |
|---|---|
| **Your Contact Information**<br>Name: Wilton Rancheria dba Sky River Casino<br><br>*Email: ckazhe@wiltonrancheria-nsn.gov<br><br>Address:<br>9728 Kent Street<br>Elk Grove, CA 95624<br><br>Phone: 916-226-2590<br><br>Attorney (if applicable): Christina Kazhe | **[COURT USE ONLY]**<br>**CASE NO:** CIV-2023-002<br><br>**CASE NAME:**Wilton Rancheria dba Sky River Casino and UNITE HERE International Union<br>**Party 1/Petitioner:**<br>Wilton Rancheria dba Sky River Casino<br><br>**Party 2/Respondent:**<br>UNITE HERE International Union |

**PLEASE PRINT CLEARLY USING BLUE OR BLACK INK AND COMPLETE EACH SECTION TO THE BEST OF YOUR ABILITY. BE SURE TO SIGN THIS FORM.**

* ☒ I confirm that I provided a valid email address. I agree to check my email regularly. I understand that the Court and the other party will use the email address for electronic service of documents and for correspondence regarding my case.

COMES NOW, <u>Wilton Rancheria dba Sky River Casino</u>, Party 1, to allege and request the
following:
<span style="font-size:smaller">Your Name</span>

1. Case Type: ☐ Small claims ☐ Judgment enforcement ☐ Contract dispute

   ☒ Other: <u>Compel arbitration pursuant to the Tribal Labor Relations Ordinance of 2019</u>

   <u>(TLRO) and the Memorandum of Agreement (MOA) signed by the parties</u>

**Your Contact Information (Party 1)**

2. a) Your Name: <u>Wilton Rancheria dba Sky River Casino</u>

   Birth Date: <u>N/A</u>

   ☐ There are multiple filing parties. (If so, attach Additional Parties Form.)
   ☐ My address is confidential. I may be served at the Court Clerk's office.

   b) I am an:
   ☐ Enrolled member of the Wilton Rancheria.
   ☐ Eligible for membership in the Wilton Rancheria.

☐ Enrolled member of the _____, a federally recognized Tribe.
☐ Eligible for membership in the _____, a federally recognized Tribe.
☐ Not a member or not eligible for membership in a federally recognized tribe.
☒ An Indian tribe or tribal entity. Please list: <u>Wilton Rancheria dba Sky River Casino</u>
☐ Other _____

**Party 2 Information (Who you have a dispute with)**

**3.** ☒ There is only one other party in this case.
    ☐ There are multiple other parties.  (If so, attach Additional Parties Form.)
    ☐ Other: _____

**4.** a) Party 2's Name: _____ <u>UNITE HERE International Union</u>

    Birth Date: _____ <u>N/A</u>

    Address: _____ <u>3800 Watt Avenue, Suite 210, Sacramento, CA 95821</u>

    Email: _____ <u>klm@msh.law</u>

    Phone: _____ <u>916-564-4949</u>

    ☐  Party's address is unknown to me.  (If I do not know the other party's address, I
    understand that I am responsible for searching for their address so they can be served
    with copies of the petition and summons.)

    b) Party 2 is an:
    ☐ Enrolled member of the Wilton Rancheria.
    ☐ Eligible for membership in the Wilton Rancheria.
    ☐ Enrolled member of the _____, a federally recognized Tribe.
    ☐ Eligible for membership in the _____, a federally recognized Tribe.
    ☒ Not a member or not eligible for membership in a federally recognized tribe.
    ☐ An Indian tribe or tribal entity. Please list: _____
    ☐ Tribal enrollment status is unknown to me.
    ☐ Other _____.

**5.** Clearly and briefly state the events that occurred and/or facts supporting your claim. (*Please
include dates and locations these events occurred*).

<u>Pursuant to the Tribal-State Gaming Compact between the State of California and Wilton
Rancheria, Wilton Rancheria was required to adopt and maintain Tribal Law identical to the
Tribal Labor Relations Ordinance attached to the Compact. To comply with this requirement,
Wilton Rancheria enacted the Tribal Labor Relations Ordinance of 2019 ("TLRO"), codified
as Chapter 3 of the Wilton Rancheria Labor Code, on April 18, 2019. The TLRO governs
union organization at Sky River Casino and provides for resolution of all disputes by a
resolution of the Tribal Labor Panel. There is a dispute with UNITE HERE International</u>

Union on the procedures of union organization. UNITE HERE International Union has refused to arbitrate the dispute before the Tribal Labor Panel, as required by the TLRO, relying on a Memorandum of Agreement (MOA) signed by the parties on August 7, 2017, prior to the enactment of the TLRO. \_\_\_\_

**6.**  ☒    I have additional documents to support my claim. I have attached the following documents: (1) A copy of the Tribal-State Gaming Compact between the State of California and Wilton Rancheria; (2) A copy of the Tribal Labor Relations Ordinance of 2019 (TLRO); (3) A copy of the Memorandum of Agreement (MOA) signed by the parties _____

## Relief Requested

**7.**  I want the Tribal Court to:

☐    Order the other party to pay the debt and monies owed to me.

☐    Declare and enforce my legal right(s) to: _____

☐    Enforce the judgment I received against the other party.

☐    Find the other party at fault for my personal injury.

☐    Find the other party at fault for my real or personal property damage.

☒    Order the other party to: \_\_\_\_ proceed with an arbitration before the Tribal Labor Panel \_\_\_\_

pursuant to the dispute resolution mechanism identified in the TLRO. _____

☐    Order the following: _____

_____

_____

☐ Additional pages are attached.

**8.  Temporary Order (skip if you <u>do not</u> want a temporary order)**

☐    I am requesting a temporary emergency order.

☐    I am asking the Court to issue a temporary emergency order for the following pending the first hearing: _____

_____

_____

☐    I will suffer immediate and irreparable harm if the Court does not issue a temporary emergency order pending the first hearing. The harm I will suffer is:

_____

_____

_____

**Filing Fee**

**9.** Please check the applicable box:

☐ Filing Fee Attached

☐ Request to Waive Court Fees (Form 2-003) Attached

☒ Filing Fee Automatically Waived for Wilton Rancheria or Entity of Wilton Rancheria

**Certification**

I certify that I understand I am responsible for finding a person at least 18 years old and not a party to this case who can deliver copies of this Petition and the Summons prepared by the Court Clerk to the other party. I can ask a friend or family member, or I can use a process server at my own expense and effort.

I certify, under penalty of perjury under the laws of the Wilton Rancheria and the State of California, that the foregoing Petition and all attachments are true and correct to the best of my knowledge and belief.

Date: August 18, 2023     Signature: _Christina Kazhe_

Printed Name: _Christina Kazhe, General Counsel_

Additional Filing Parties: ☐ Attach additional signature pages if there are more filing parties.

Date: _____     Signature: _____

Printed Name: _____

## IN THE WILTON RANCHERIA COURTS
## WILTON RANCHERIA

| PROOF OF SERVICE | |
|---|---|
| **Your Contact Information** | **[COURT USE ONLY]** |
| Name: | **CASE NO:** CIV-2023-002 |
| Email: **Jenice Rossner** CapitalProcess@comcast.net 3104 O Street, #230, Sacramento CA 95816 | **CASE NAME:** Wilton Rancheria dba Sky River and UNITE HERE International Union |
| Address 916-806-3299 | **Party 1/Petitioner:** Wilton Rancheria dba Sky River Casino |
| Phone: | **Party 2/Respondent:** UNITE HERE International Union |
| Attorney (if applicable): | |

**PLEASE PRINT CLEARLY USING BLUE OR BLACK INK AND COMPLETE EACH SECTION TO THE BEST OF YOUR ABILITY. BE SURE TO SIGN THIS FORM.**

I, _____**Jenice Rossner**_____, certify that the following is true and correct:
   *Your Name*

1. I am 18 years of age or older.

2. ☒ I am not a party to this case.

3. ☐ I am party to this case. (*Summons, notice of hearing, and petitions must be served by someone who is not a party to the case.*)

4. I served the following people: ☐ Party 1, ☒ Party 2, ☐ Others_____ ;

   a true and correct copy of the following documents:

   ☒ Petition ☐ Notice of Hearing ☒ Summons ☐ Motion

   ☒ Other (list): ___blank Answer to Petition form___.

5. I served these documents by:

   ☒ Personally delivering the documents to _Christina Rosas_ on _8/25/2023_
                                            *Name*              *Date*

   at _3800 Watt Ave Ste 210, Sacramento CA_ at _9:40 AM_.
        *Address*                                *Time*

   ☐ mailing the documents to _____

                                          *Address*

   by: ☐ first class mail ☐ other: _____

Case No. CIV-2023-002
Form 2-004
Proof of Service
Page 1 of 3
Revised 07/2023

**6.** Attempted Service

(Complete this section *only* if you have tried to serve documents on the party but have been unsuccessful.)

I, _____, declare that I have tried to serve
*Your Name*

_____
*Name of Individual or Business you are Attempting to Serve*

with the following document(s): _____
*Title of the Document(s) you are Attempting to Serve*

without success. I have tried to serve the document(s) on the named individual or business in the following ways:

Attempt #1:

Address: _____

Date and Time: _____

Result: _____

Attempt #2:

Address: _____

Date and Time: _____

Result: _____

Attempt #3:

Address: _____

Date and Time: _____

Result: _____

*I certify, under penalty of perjury under the laws of the Wilton Rancheria and the State of California, that the foregoing statement and all attachments are true and correct to the best of my knowledge and belief.*

Date: _08/25/2023_    Signature: _Jenice Rossner_

Printed Name: _Jenice Rossner_

Address: _3104 O Street, #230, Sacramento CA 95816_

Phone: _916-806-3299_

Email: _CapitalProcess@comcast.net_

EXHIBIT "E"

Filed October 11, 2023 By K.Vorona, Court Clerk Case No. CIV-2023-002

## IN THE TRIBAL COURT OF THE WILTON RANCHERIA COURTS
## WILTON RANCHERIA, CALIFORNIA

| | |
|---|---|
| Wilton Rancheria dba Sky River Casino, Party 1, and UNITE HERE International Union, Party 2. | **Case No: CIV-2023-002** |
| | **ORDER GRANTING MOTION TO EXTEND TIME TO FILE ANSWER** |

On September 20, 2023, the Court received a motion to grant an extension of the time for Party 2 to file a written answer to the Petition for thirty (30) days, in addition to the thirty (30) days provided pursuant to Section 6-301(A) of the Rules of Civil Procedure Act, totaling sixty (60) days from the date that Party 2 was served. The motion was filed by Party 1. The parties report that they are in discussions to amend the Memorandum of Agreement, which, if agreed upon, may resolve the current dispute between the parties. The court has received no opposition to this motion.  Motion is granted.  **The time for Party 2 to file a motion is extended to October 25, 2023.**

So ordered,

CHIEF JUDGE CHRISTINE WILLIAMS          Dated: October 10, 2023

# IN THE TRIBAL COURT OF THE WILTON RANCHERIA COURTS

## WILTON RANCHERIA, CALIFORNIA

| | |
|---|---|
| Wilton Rancheria dba Sky River Casino, Party 1, and UNITE HERE International Union, Party 2. | **Case No: CIV-2023-002** |
| | **ORDER GRANTING MOTION TO EXTEND TIME TO FILE ANSWER** |

On October 25, 2023, the Court received a motion, filed by Party 1, to grant an extension of the time for Party 2 to file a written answer to the Petition for an additional thirty (30) days. The parties report that they are still in discussions to amend the Memorandum of Agreement, which, if agreed upon, may resolve the current dispute between the parties. The court has received no opposition to this motion.

On September 20, 2023, the Court received the first motion, filed by Party 1, to grant an extension of the time for Party 2 to file a written answer to the Petition for thirty (30) days, in addition to the thirty (30) days provided pursuant to Section 6-301(A) of the Rules of Civil Procedure Act, totaling sixty (60) days from the date that Party 2 was served. The Court granted the motion on October 10, 2023.

The motion received on October 25, 2023, to grant an extension of the time for Party 2 to file a written answer for another thirty (30) days, totaling ninety (90) days from the date that Party 2 was served is granted. **The time for Party 2 to file an answer is extended to November 24, 2023.**

So ordered,

CHIEF JUDGE CHRISTINE WILLIAMS          Dated: November 2, 2023

## IN THE TRIBAL COURT OF THE WILTON RANCHERIA COURTS
## WILTON RANCHERIA, CALIFORNIA

| Wilton Rancheria dba Sky River Casino, Party 1, and UNITE HERE International Union, Party 2. | **Case No: CIV-2023-002** |
| --- | --- |
| | **ORDER GRANTING MOTION TO STAY THE CASE** |

On November 27, 2023, the Court received a motion to stay the case until March 11, 2024 to allow the parties to pursue arbitration. The motion was filed by Party 1. Party 1 asserts that Party 2 does not intent to file an objection to this Motion.

Motion is granted.  The case is stayed until March 11, 2023.  Party 2 has until December 30, 2024 to file a response to this motion.  If Party 2 does not file any response by the deadline of December 30, 2023, the Court's order granting the stay will be final and remain in place until March 11, 2024.

The parties may jointly request to have the stay lifted at any time either to resume or dismiss the case.

So ordered,

CHIEF JUDGE CHRISTINE WILLIAMS        Dated: December 13, 2023

EXHIBIT "F"

**From:** Kristin Martin <klm@msh.law>
**Sent:** Tuesday, October 17, 2023 10:56 AM
**To:** Christina Kazhe <ckazhe@wiltonrancheria-nsn.gov>
**Subject:** RE: Wilton Rancheria AAA Filing

Hi Christina –

Thank you for speaking with me yesterday.  To confirm, UNITE HERE will agree to arbitrate, under the TLRO's arbitration procedures, the dispute about whether the MOA between the Tribe, Boyd and UNITE HERE violates the TLRO.  That is the arbitration the Tribe sought to compel in the suit it filed in tribal court.  Without waiving our position about the validity of that suit or service on UNITE HERE, I expect that you will withdraw or dismiss that complaint since you have accomplished what the complaint seeks.

We also discussed who pays AAA for its services in connection with an arbitration under the TLRO.  I explained that the State of California has traditionally paid AAA out of one of the funds it maintains.  You said that you were sorting that out.  If you need any assistance in that regard, please let me know.

Last, I told you that we had decided to proceed to the arbitration you requested, rather than to hold an election under the TLRO, because after the proposal the Tribe sent, we concluded that the parties are too far apart to expect to reach agreement.  We are not bargaining on a "take it or leave it basis" as you asserted.  We have an agreement with the Tribe, and have no obligation to alter that agreement.  We attempted to make a barebones agreement about the TLRO election process.  We did that as a show of good faith.  I will of course share with my client any further proposal you make, but at this time are ready to proceed to the arbitration that the Tribe sought.  I look forward to selecting an arbitrator and moving forward.

Kristin L. Martin
McCracken, Stemerman & Holsberry, LLP
415-597-7200/msh.law

EXHIBIT "G"

**From:** Kristin Martin <klm@msh.law>
**Sent:** Wednesday, November 15, 2023 9:19 AM
**To:** Christina Kazhe <ckazhe@kazhelaw.com>
**Cc:** Sheila Carroll <scarroll@TheCarrollFirm.com>
**Subject:** RE: Wilton Rancheria dba Sky River Casino v. UNITE HERE International Union - Case 01-23-0003-6907

Thanks, Christina.

Sheila – please let me know what dates on Arb. Brand's calendar work for you: http://www.normbrand.com/present.shtml

Kristin L. Martin
McCracken, Stemerman & Holsberry, LLP
415-597-7200/msh.law

---

**From:** Christina Kazhe <ckazhe@kazhelaw.com>
**Sent:** Wednesday, November 15, 2023 9:03 AM
**To:** Kristin Martin <klm@msh.law>
**Cc:** Sheila Carroll <scarroll@TheCarrollFirm.com>
**Subject:** RE: Wilton Rancheria dba Sky River Casino v. UNITE HERE International Union - Case 01-23-0003-6907

Hello Kristin,
I've copied Sheila Carroll here.  She will be the lead attorney for the arbitration and will follow up with you on scheduling.
Thank you.
Christina



**Christina Kazhe**
General Counsel, Wilton Rancheria
ckazhe@wiltonrancheria-nsn.gov
9728 Kent Street | Elk Grove | CA | 95624

---

*NOTICE:  This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. If you properly received this email as a client, co-counsel or retained expert, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.*

---

**From:** Kristin Martin <klm@msh.law>
**Sent:** Tuesday, November 14, 2023 6:46 PM
**To:** Christina Kazhe <ckazhe@kazhelaw.com>
**Subject:** RE: Wilton Rancheria dba Sky River Casino v. UNITE HERE International Union - Case 01-23-0003-6907

Hi Christina – I expected to get dates from you today.  Can you explain?  thanks

Kristin L. Martin
McCracken, Stemerman & Holsberry, LLP
415-597-7200/msh.law

**From:** Christina Kazhe <ckazhe@kazhelaw.com>
**Sent:** Friday, November 10, 2023 12:26 PM
**To:** Kristin Martin <klm@msh.law>
**Subject:** RE: Wilton Rancheria dba Sky River Casino v. UNITE HERE International Union - Case 01-23-0003-6907

Hello Kristin,
We thought the Case Administrator would be issuing a letter hence the delay.  Also, we are engaging litigation counsel and will need their availability which we should have by Tuesday.
Thank you.
Christina

**From:** Kristin Martin <klm@msh.law>
**Sent:** Friday, November 10, 2023 8:32 AM
**To:** Christina Kazhe <ckazhe@kazhelaw.com>; AAA Jeffrey Kriegsman <JeffreyKriegsman@adr.org>
**Cc:** Linda.Kelly@calhr.ca.gov; Aymie.Nguyen@calhr.ca.gov; Arbi Babakhanlou <arbi@kazhelaw.com>
**Subject:** RE: Wilton Rancheria dba Sky River Casino v. UNITE HERE International Union - Case 01-23-0003-6907

Hi all – I wanted to follow up on the process for getting this scheduled.  Arbitrator Brand's available dates are listed on line.  Thank you.

Kristin L. Martin
McCracken, Stemerman & Holsberry, LLP
415-597-7200/msh.law

**From:** Kristin Martin
**Sent:** Tuesday, November 7, 2023 5:55 PM
**To:** Christina Kazhe <ckazhe@kazhelaw.com>; AAA Jeffrey Kriegsman <JeffreyKriegsman@adr.org>
**Cc:** Linda.Kelly@calhr.ca.gov; Aymie.Nguyen@calhr.ca.gov; Kristin Martin <klm@msh.law>; Arbi Babakhanlou <arbi@kazhelaw.com>
**Subject:** RE: Wilton Rancheria dba Sky River Casino v. UNITE HERE International Union - Case 01-23-0003-6907

Arb. Brand makes his calendar available online:  http://www.normbrand.com/present.shtml

The first available dates are in January.  Please let me know what dates work for you.

Kristin L. Martin
McCracken, Stemerman & Holsberry, LLP
415-597-7200/msh.law

**From:** Christina Kazhe <ckazhe@kazhelaw.com>
**Sent:** Tuesday, November 7, 2023 2:13 PM
**To:** AAA Jeffrey Kriegsman <JeffreyKriegsman@adr.org>
**Cc:** Linda.Kelly@calhr.ca.gov; Aymie.Nguyen@calhr.ca.gov; Kristin Martin <klm@msh.law>; Arbi Babakhanlou <arbi@kazhelaw.com>
**Subject:** RE: Wilton Rancheria dba Sky River Casino v. UNITE HERE International Union - Case 01-23-0003-6907

Mr. Kriegsman,

Thank you for flipping the coin for the parties.
After conducting the striking process, the sole remaining arbitrator is Norman Brand, Esq.



**Christina Kazhe**
General Counsel, Wilton Rancheria
ckazhe@wiltonrancheria-nsn.gov
9728 Kent Street | Elk Grove | CA | 95624

*NOTICE: This email may be confidential and protected by legal privilege. If you are not the intended recipient, disclosure, copying, distribution and use are prohibited; please notify us immediately and delete this copy from your system. If you properly received this email as a client, co-counsel or retained expert, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.*

**From:** AAA Jeffrey Kriegsman <JeffreyKriegsman@adr.org>
**Sent:** Tuesday, November 7, 2023 11:33 AM
**To:** Christina Kazhe <ckazhe@kazhelaw.com>; klm@msh.law; Arbi Babakhanlou <arbi@kazhelaw.com>; Aymie.Nguyen@calhr.ca.gov
**Cc:** AAA Jeffrey Kriegsman <JeffreyKriegsman@adr.org>
**Subject:** FW: Wilton Rancheria dba Sky River Casino v. UNITE HERE International Union - Case 01-23-0003-6907

Dear Parties: The coin has been flipped and it came up heads. Thanks. Jeff.



**AAA Jeffrey Kriegsman**
**Case Administrator III**

American Arbitration Association

T: 212 484 3241  F: 212 307 4387  E:
JeffreyKriegsman@adr.org
120 Broadway, 21st Floor, New York, NY 10271
adr.org | icdr.org | aaamediation.org



*Please note during the week of November 20 (Thanksgiving Week 2023), the AAA will operate with a reduced staff as we look to provide time for the AAA team to disconnect and recharge. To ensure continuity of service, a dedicated team will be available to provide emergency, deadline-driven services as needed. Thank you, and we wish you a joyful Thanksgiving Holiday among friends and family.*

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Christina Kazhe <ckazhe@kazhelaw.com>
**Sent:** Tuesday, November 7, 2023 2:06 PM
**To:** AAA Jeffrey Kriegsman <JeffreyKriegsman@adr.org>
**Cc:** Kristin Martin <klm@msh.law>; Aymie.Nguyen@calhr.ca.gov; Arbi Babakhanlou <arbi@kazhelaw.com>
**Subject:** RE: Wilton Rancheria dba Sky River Casino v. UNITE HERE International Union - Case 01-23-0003-6907

**\*\*\* External E-Mail – Use Caution \*\*\***

Mr. Kriegsman,

Wilton Rancheria dba Sky River Casino can agree to you flipping the coin and informing the parties on who strikes first.  We select Heads, and if it is Heads, then Unite Here strikes first.

However, we cannot agree to sending a list of the striking order and we are not required to. After receiving your instruction on who strikes first, the parties will conduct the striking process and inform you of the sole remaining arbitrator by the end of day.

Thank you.

Christina Kazhe

**From:** Kristin Martin <klm@msh.law>
**Sent:** Tuesday, November 7, 2023 10:50 AM
**To:** JeffreyKriegsman@adr.org; Christina Kazhe <ckazhe@kazhelaw.com>; Aymie.Nguyen@calhr.ca.gov; Arbi Babakhanlou

<arbi@kazhelaw.com>

**Subject:** RE: Wilton Rancheria dba Sky River Casino v. UNITE HERE International Union - Case 01-23-0003-6907

Mr. Kriegsman:

In order to meet the deadline to select an arbitrator, I ask that you flip a coin (Ms. Kazhe can decide whether she will be heads or tails) to decide who strikes first and then strike based on lists that the parties provide. I will separately send you my client's striking order. Thank you.

Kristin L. Martin
McCracken, Stemerman & Holsberry, LLP
415-597-7200/msh.law

---

**From:** JeffreyKriegsman@adr.org <JeffreyKriegsman@adr.org>
**Sent:** Thursday, November 2, 2023 12:55 PM
**To:** ckazhe@kazhelaw.com; Kristin Martin <klm@msh.law>; Aymie.Nguyen@calhr.ca.gov; arbi@kazhelaw.com
**Subject:** Wilton Rancheria dba Sky River Casino v. UNITE HERE International Union - Case 01-23-0003-6907

Hello,

Please review the attached correspondence regarding the above-referenced case.

Feel free to contact me with any questions, comments or concerns you have related to this matter.

Thank you.

 **AAA Jeffrey Kriegsman**
**Case Administrator III**

American Arbitration Association

T: 212 484 3241  F: 212 307 4387  E:
JeffreyKriegsman@adr.org
120 Broadway, 21st Floor, New York, NY 10271
adr.org  |  icdr.org  |  aaamediation.org



*Please note during the week of November 20 (Thanksgiving Week 2023), the AAA will operate with a reduced staff as we look to provide time for the AAA team to disconnect and recharge. To ensure continuity of service, a dedicated team will be available to provide emergency, deadline-driven services as needed. Thank you, and we wish you a joyful Thanksgiving Holiday among friends and family.*

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

EXHIBIT "H"

ups.com

**Last Updated:** 12/13/2023 1:53 P.M. EST

| Shipment Details | + |
| --- | --- |

| Shipment Progress | − |

Times shown are in Local Time    Change

12/12/2023
10:45 A.M.
**Delivered**
ELK GROVE, CA, US

12/12/2023
9:18 A.M.
**Out for Delivery**
Sacramento, CA, United States

12/12/2023
7:35 A.M.
**On the Way**
Sacramento, CA, United States

12/11/2023
3:06 P.M.
**Label Created**
United States

Want to see more? With UPS My Choice® you can see your full shipment progress. Sign Up Now

Already Enrolled? Log in

**This website uses cookies**
We do this to better understand how visitors use our site and to offer you a more personal experience. Please see our Privacy Notice for more information. You can manage your preferences by selecting Cookie Settings.

Ask UPS

EXHIBIT "I"

 

# Wilton Rancheria

9728 Kent Street, Elk Grove, CA 95624

## Tribal Council Resolution No. 2019-23
## RESOLUTION TO ENACT THE TRIBAL LABOR RELATIONS ORDINANCE OF 2019

**WHEREAS,** Wilton Rancheria ("Tribe") is a federally-recognized Indian tribe eligible for all rights and privileges afforded to recognized Native American tribes; and

**WHEREAS,** Wilton Rancheria adopted the Constitution of Wilton Rancheria ("Constitution") on November 12, 2011; and

**WHEREAS,** Article VI, Section 2 of the Constitution authorizes the Tribal Council to make the Tribe's laws; and

**WHEREAS,** Article VI, Section 2(a) of the Constitution grants the Tribal Council the power to make all laws, including resolutions, codes and statutes; and

**WHEREAS,** Article VI, Section 2(c) of the Constitution grants the Tribal Council the power to pass laws regulating the Tribe's elections, enrollment, and employment, and all other matters so long as those laws are consistent with the Constitution; and

**WHEREAS,** the Tribal Council Organization Act of 2012 provides that acts shall be the formal laws passed by the Tribal Council in development of the Tribe's permanent body of law, 4 WRC § 1-303(A); and

**WHEREAS,** the Tribal Council Organization Act of 2012 provides that all acts and amendments shall go through a legislation process consisting of an internal review phase, a public review phase, and a final review phase, 4 WRC § 1-305; and

**WHEREAS,** the Tribal Council Organization Act of 2012 provides that during a thirty (30) day public review phase, the Tribal Council shall solicit comments from members of the public regarding a proposed act and shall hold at least one (1) public hearing, 4 WRC § 1-307; and

**WHEREAS,** the Tribal Council Organization Act of 2012 provides that the final version of a proposed act shall be submitted to each member of the Tribal Council for a final review period of no less than seven (7) days, 4 WRC § 1-308(B); and

**WHEREAS,** pursuant to Resolution No. 2019-11, the Tribal Council submitted the proposed Tribal Labor Relations Ordinance of 2019 for public review from February 20, 2019 to March 21, 2019; and

p. (916) 683-6000 ● f. (916) 683-6015 ● www.WiltonRancheria-nsn.gov

107819464 1

**WHEREAS,** the Tribal Council conducted a public hearing regarding the proposed Tribal Labor Relations Ordinance of 2019 on March 7, 2019 at the Tribe's office; and

**WHEREAS,** the proposed Tribal Labor Relations Ordinance of 2019 was submitted to each member of the Tribal Council for final review on March 28, 2019.

**NOW BE IT THEREFORE RESOLVED,** the Tribal Council does hereby enact the Tribal Labor Relations Ordinance of 2019; and

**BE IT FINALLY RESOLVED,** the Tribal Chairperson shall fully and faithfully execute, and take any and all action necessary to implement, the Tribal Labor Relations Ordinance of 2019.

**CERTIFICATION**

It is hereby certified that the foregoing Resolution was adopted by an affirmative vote of 5 for, 0 against, and 0 abstaining, presented for approval on April 18th, 2019, pursuant to the authority contained within the Constitution of Wilton Rancheria.

Dated this 18th day of April 2019.

Tonya Caldwell
Tribal Council Spokesperson

Attest:

Jesus Tarango
Vice-Chairperson

107819464.1