UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Unite Here,<br><br>                Plaintiff,<br><br>   v.<br><br>Wilton Rancheria,<br><br>                Defendant. | No. 2:23-cv-02767-KJM-DB<br><br>ORDER |

        In November 2023, Unite Here (the Union) filed a complaint and petition to compel arbitration against Wilton Rancheria (the Tribe). *See* Compl., ECF No. 1. The Union subsequently filed a motion to compel arbitration, *see* Mot. to Compel, ECF No. 4, and the Tribe then filed a motion to dismiss for lack of jurisdiction, *see* ECF No. 5. Following the motion hearing in January 2024, the court directed the parties to meet and confer and then file a joint status report. *See* Hr'g Mins., ECF No. 12.

        In the joint status report, the parties indicated a decision would issue in a related arbitration proceeding no later than March 16, 2024, before Arbitrator Brand. *See* First JSR, ECF No. 15. On February 2, 2024, this court stayed this matter pending the resolution of that proceeding. *See* Min. Order, ECF No. 16. In doing so, the court directed the parties to file a joint status report no later than fourteen (14) days after Arbitrator Brand issued his decision. *Id.* The court further ordered the parties to indicate whether the stay should be lifted, how the decision

1

impacted the pending matters before this court and whether a supplemental briefing schedule would be required. *Id.*

The court has carefully reviewed the parties' joint status report and their conflicting positions. Second JSR, ECF No. 18. While the Union requests the stay be lifted, the Tribe requests the stay continue in part to allow it "to provide an update on whether it has moved or will move to vacate" Arbitrator Brand's award and opinion. *Id.* at 2–3. The court finds continuing a stay to allow a party to consider its options does not constitute good cause. Accordingly, after considering the record and the parties' positions, the court **lifts the previously imposed stay**. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (the court has the inherent power to control its own docket).

The court further finds supplemental briefing is not necessary to resolve the pending motions and declines the Tribe's request for supplemental briefing. The court **submits** the motions at ECF Nos. 4 and 5.

IT IS SO ORDERED.

DATED: April 19, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE