UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Unite Here,<br><br>    Plaintiff,<br><br>  v.<br><br>Wilton Rancheria,<br><br>    Defendant. | No. 2:23-cv-02767-KJM-DB<br><br>ORDER |

    Defendant Wilton Rancheria (the Tribe) seeks an order from this court vacating or correcting an arbitration award. *See generally* Mot., ECF No. 22. Plaintiff Unite Here (the Union) opposes, *see generally* Opp'n, ECF No. 26, and says the Tribe's counsel did not meet and confer as required prior to filing the motion, Kristin L. Martin Decl. ¶ 2, ECF No. 26-1.

    This court's standing order requires attorneys to meet and confer prior to filing motions. *See* Standing Order at 3, ECF No. 3-1. Specifically, attorneys who intend to file motions must "discuss thoroughly the substance of the contemplated motion" with opposing counsel and "discuss the issues sufficiently so that if a motion of any kind is filed . . . the briefing is directed only to those substantive issues requiring resolution by the court." *Id.* Attorneys "should resolve minor procedural or non-substantive matters during the meet and confer." *Id.* "When attorneys resolve disputes informally to the extent they can, they allow judges to give their attention only to

those disputes remaining and to other cases." *Mollica v. Cnty. of Sacramento*, No. 19-02017, 2022 WL 15053335, at *1 (E.D. Cal. Oct. 26, 2022).

After the Union's counsel filed its opposition, the Tribe's counsel amended its notice of motion and stated the parties' counsel "have engaged in discussions regarding the correctness of the [a]rbitration [a]ward and their disagreement on that question, as well as the Tribe's intent to file the instant [m]otion." Am. Notice at 2, ECF No. 27. The Tribe did represent in the parties' Joint Status Report filed in March 2024 that the Tribe "indicated its grounds for disagreeing with the [arbitration] [a]ward and [its] intent to move to vacate it" and the Union made clear it believed the arbitration award was correct and conclusive. *Id.* at 2; JSR, ECF No. 18. Thus, the Tribe takes the position it "believes the Parties' disagreement could not have been resolved short of filing" the instant motion. Am. Notice at 2.

It is clear from the Tribe's cursory amended notice and the parties' briefs that their previous discussions did not include a sufficiently thorough conversation about the substance of the instant motion. Standing Order at 3; *see generally* Opp'n; Reply, ECF No. 28. For example, meeting and conferring could likely have narrowed or avoided what appears, based on a preliminary review, to be an inconsequential procedural dispute. *Compare* Opp'n at 7–8 ("Before the Tribe may ask the Court to vacate [the arbitration] award, the Tribe must file a pleading—in this case, an answer with a counterclaim—which states a claim for relief") *with* Reply at 6–7 (arguing the Tribe's motion "is the appropriate vehicle for challenging the Arbitrator's [a]ward."). While "[t]he court understands that a pre-filing conference may not avoid or even significantly narrow every motion," the parties "are not excused from their obligation to meet and confer simply because they believe meeting and conferring would probably not moot an anticipated motion" in its entirety. *Mollica*, 2022 WL 15053335, at *1. Meeting and conferring helps attorneys identify and address potential flaws in both their opponents' positions and their own. *See id.* at *2. "This court also requires attorneys to meet and confer to encourage them to develop and maintain professional working relationships, and at a minimum, to help keep the lines of communication open." *Id.* All else equal, regular and effective communication promotes the

2

"just, speedy, and inexpensive determination of every action and proceeding." See Fed. R. Civ. P. 1.

Because the Tribe filed its motion without complying with this court's standing order, the court orders as follows:

(1) The motion to vacate or modify the arbitration award is **stricken without prejudice to renewal**. *See, e.g.*, *James R. Glidewell Dental Ceramics, Inc. v. Philadelphia Indem. Ins. Co.*, No. 16-01155, 2016 WL 9223782, at *1 (C.D. Cal. Sept. 12, 2016) (striking motion for failure to meet and confer); *cf. Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

(2) If the Tribe intends to renew its motion, it must initiate, and exhaust meet and confer efforts as clarified here. The parties must meaningfully assess the relative strengths and weaknesses of their positions in light of all available information, including the positions taken in the briefs the parties filed. Any renewed motion must be accompanied by a declaration of counsel summarizing efforts to meet and confer about the renewed motion.

(3) Failure to comply with this court's standing orders in the future may result in sanctions, including summary dismissal of a motion or monetary sanctions or both.

This order resolves ECF No. 22.

IT IS SO ORDERED.

DATED: July 31, 2024.

CHIEF UNITED STATES DISTRICT JUDGE