UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITE HERE,<br><br>    Plaintiff,<br><br>    v.<br><br>Wilton Rancheria,<br><br>    Defendant. | No. 2:23-cv-02767-KJM-SCR<br><br>ORDER |

Plaintiff UNITE HERE (the Union) as the prevailing party moves for an award of costs in this matter, which the court has dismissed. Defendant Wilton Rancheria (the Tribe) objects and opposes the motion, contending the Union's costs should be denied or else reduced. As explained below, the Tribe's objection is sustained and the bill of costs is decreased to $1,425.09.

**I.    BACKGROUND**

The court explained the background of the case in its previous orders and therefore explains the facts here only to the extent necessary. *See* Order (Dec. 9, 2024), ECF No. 46; Order (Aug. 7, 2024), ECF No. 32. On November 29, 2023, the Union filed a complaint and petition to compel the Tribe to follow a process laid out in a 2017 Memorandum of Agreement (Agreement) between the parties. *See* Mem. Agreement, Compl. Ex. B, ECF No. 1; Order (Aug. 7, 2024). The Tribe opposed the motion to compel and moved to dismiss for lack of jurisdiction. Order (Aug. 7, 2024). After the parties indicated their willingness to stipulate to further arbitration

1

1  proceedings to determine which parts of the Agreement were binding, the court stayed the matter.
2  Min. Order (Feb. 23, 2024), ECF No. 16.
3       On March 17, 2024, the arbitrator issued an award, finding the Tribe "must comply with
4  the [Agreement] signed by the parties." Award, Second JSR, Attach., ECF No. 18. The court
5  subsequently lifted the stay, denied the Tribe's motion to dismiss and granted the Union's motion
6  to compel arbitration. Order (Aug. 7, 2024) at 1. After the court issued these orders, the Tribe
7  renewed its motion to vacate the arbitrator's decision, which the court denied. *See* Order (Dec. 9,
8  2024). The court also ordered the parties to show cause why the action should not be closed and
9  judgment entered in favor of the Union. *See id.* at 14. In their responses, the parties agreed
10 judgment should be entered in favor of the Union and the case closed. *See* Pl.'s Response, ECF
11 No. 47; Def.'s Response, ECF No. 48. After reviewing the parties' responses, the court entered
12 judgment in favor of the Union and directed the clerk of court to close the case. Min. Order (Dec.
13 23, 2024), ECF No. 50.
14      On December 31, 2024, the Union submitted its bill of costs totaling $3,215.09 to be paid
15 by the Tribe under Local Rule 292(b). The costs include the $402 filing fee with the additional
16 $2,813.09 categorized as "Fees for service of summons and subpoena" on this district's form Bill
17 of Costs. *See* Bill of Costs, ECF No. 51. The Union's supporting documents included an invoice
18 from Derish Associates, Inc. (Derish) detailing the two assigned field investigators' fees and
19 mileage costs associated with service on the Tribe. *Id.* at 5–6. As noted, the Tribe objects to the
20 bill of costs and contends the Union's costs should be denied or reduced. Opp'n at 2, ECF No.
21 52. While the Tribe does not object to the court costs of $402, it objects to the costs for service
22 "because the amount is excessive" and the "lack of details" on the submitted invoice "prevents
23 [the Tribe] from calculating the amount by which [the Union's] Bill of Costs reasonably should
24 be reduced." *Id.* at 2, 4. The Tribe submitted emails exchanged by counsel in support of its
25 opposition. Opp'n, Ex. 2, ECF No. 52-2. The Union filed an unauthorized and untimely
26 supplemental affidavit in support of its motion, which included a more detailed itemization of the
27 invoice from Derish. Supp. Aff., ECF No. 55. The court considers the affidavit, although it may
28 not consider unauthorized filings in the future.

2

## II. LEGAL STANDARD

Local Rule 292, providing for the costs a prevailing party claims, provides:

> Within fourteen (14) days after entry of judgment or order under which costs may be claimed, the prevailing party may serve on all other parties and file a bill of costs conforming to 28 U.S.C. § 1924. The cost bill shall itemize the costs claimed and shall be supported by a memorandum of costs and an affidavit of counsel that the costs claimed are allowable by law, are correctly stated, and were necessarily incurred.

E.D. Cal. L.R. 292(b). Under this rule, "the party against whom costs are claimed may, within seven (7) days from date of service, file specific objections to claimed items with a statement of grounds for objection." E.D. Cal. L.R. 292(c). The Ninth Circuit has held a decision to decline awarding costs is one within the court's "discretion." *Ass'n of Mexican-Am. Educators v. Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). But discretion is "not unlimited." *Id.* at 592. The district court must "specify reasons" for its refusal to award costs. *Id.*

Under Local Rule 292(f)(2) a "party seeking fees for private service of process must demonstrate that the fees requested do not exceed the Marshal's fees for the same service." *Atain Specialty Ins. Co. v. Sierra Pac. Mgmt. Co.*, No. 2:14-00609, 2016 WL 7034887, at *2 (E.D. Cal. Dec. 2, 2016). At the time of service in the instant case, the Marshal charged $65 per hour for personal service, with additional fees for travel and mileage. 28 C.F.R. § 0.114(a)(3), (c). "Requests for costs that exceed these amounts may be reduced to align with the amount authorized by Section 0.114(a)." *Hall v. FCA US LLC*, No. 1:16-0684, 2018 WL 2298431, at *8 (E.D. Cal. May 21, 2018).

## III. ANALYSIS

The Tribe contends the costs to effect service are excessive because: (1) the Tribe's counsel believed the Union would send the summons and complaint with a request for waiver of service under Federal Rule of Civil Procedure 4(d)(1); (2) the Union should have used a process server closer to Elk Grove; (3) Derish charged the Union for the work of two investigators after the first investigator failed to effect service; and (4) the invoices lack detail and contain duplicative and/or excessive charges. Opp'n at 3–4.

1    The court does not agree that the Union should have sent the summons and complaint with
2 a request for waiver instead of effecting personal service. There was no agreement between
3 counsel to forego personal service. The supporting emails at best show a misunderstanding
4 between counsel, and cannot be the basis for finding the Union improperly incurred "unnecessary
5 expenses of serving summons" in contravention of Federal Rule of Civil Procedure 4(d)(1).
6 Similarly, the court cannot conclude the Union's use of a process service based in Albany,
7 California, was so unreasonable as to warrant a denial of costs for this reason. Finally, the
8 supporting invoices supply sufficient detail to allow the court and the Tribe to understand the
9 allotment of hours and costs.

10    The court, nevertheless, agrees with the Tribe that the Union's costs for service at the rate
11 of $150 per hour is unreasonable, and some costs showing on the invoices are unrecoverable
12 under the Local Rules of this district. The $150 hourly fee of the field investigators exceeds the
13 $65 amount authorized under section 0.144(a) and is not permitted. *See, e.g.*, *id.* at *8–9.
14 Evaluating the supporting invoice, the two field investigators spent a total of eighteen hours
15 completing service. One of the eighteen hours was spent preparing a proof of service, a cost that
16 is not recoverable under the Local Rules. *See Self v. FCA US LLC*, No. 1:17-01107, 2019 WL
17 1994459, at *13 (E.D. Cal. May 6, 2019) ("Proof of service is not [recoverable], and will be
18 deducted."). Similarly, one field investigator charged for an hour "Draft[ing] Report using daily
19 logs; Email[ing] Lead Investigator" and the second investigator charged for an hour of
20 "Receiv[ing] Assignment; Review[ing] previous Field Inv. Report." Bill of Costs at 5–6. The
21 costs of this internal reporting is not properly recoverable under the enumerated statute and local
22 rules. *See id.* (collecting cases and finding costs recoverable only when they are within the
23 "enumerated categories of recoverable costs"). Finally, a "lead investigator" spent two hours on
24 the matter, but Derish did not charge the Union for the time and these hours are therefore
25 excluded from the court's calculations. In sum, fourteen hours at the Marshal's rate of $65 would
26 be $910. That amount is recoverable by the Union.

27    The first field investigator traveled 106.9 miles and charged $0.58 per mile, a few cents
28 less than the Internal Revenue Service's (IRS) 2023 standard rate for mileage of $0.655. Her

1  total travel costs of $62 are properly recoverable.  The second field investigator traveled seventy-
2  eight miles and charged at the IRS standard rate.  His total travel costs of $51.09 are also properly
3  recoverable.
4      After reviewing the bill of costs, the court finds that the Union is entitled to recover
5  $1,023.09 in costs for fees related to service and $402 in court fees, for a total of $1,425.09.
6  **IV.    CONCLUSION**
7      For the foregoing reasons, the Tribe's objection is **sustained.**  In accordance with this
8  order, the court **hereby amends** the bill of costs and awards $1,425.09.
9      This order resolves ECF Nos. 51 & 52.
10      IT IS SO ORDERED.
11  DATED:  February 6, 2025.

_____
UNITED STATES DISTRICT JUDGE